FERNOW v. DUBUQUE AND SOUTHWESTERN RAILROAD CO.

1. **Railroad:** INJURY TO SWINE. A railroad company is liable for swine killed upon its road, that come upon it from the inclosure of their owner, through which the right of way was granted to the company upon condition that it should fence the road, which it has failed to do.

2. —— LOCAL REGULATION AGAINST SWINE AT LARGE. The local regulation in force in Linn county, under section 1545 of the Revision of 1860, prohibiting swine and sheep from running at large, and defining what shall constitute a legal fence, does not apply to a fence along a railway. And though it may admit of some doubt whether such companies would be liable for swine or sheep improperly at large, they are clearly liable if the stock pass from the owner's inclosure directly to the unfenced track of the road which passes through the same, where they are killed.

3. **Practice:** BILL OF EXCEPTIONS. Bills of exceptions should be brought to the Supreme Court by copy, and not in their original form; but an omission in this respect will at most but work a continuance to obtain a corrected transcript.

*Appeal from Linn District Court.*

SATURDAY, JULY 6.

THIS case was tried by the court without a jury, and judgment rendered for the defendant upon the following agreed facts: In 1860, plaintiff granted to the company the right of way through his land, the deed obligating the grantee to make farm crossings, cattle guards, and *to fence the road within six months.* In November, 1865, plaintiff's hogs were killed on the track of the road, where it passed through this land, of which due notice was given, etc. These hogs were in a lot of fifteen acres, inclosed on all sides by a tight fence; there was no

fence along the line of the road running through said lot. This lot was used as a hog lot, and plaintiff had full knowledge of the running of the trains on said road. No point is made by either party as to the care and diligence of those running the train, at the time the hogs were killed. At the August election, in 1855, the question of prohibiting swine and sheep from running at large in Linn county, was submitted to the voters of said county, was decided in the affirmative, went into effect in March, 1856, and this continued to be the rule in that county, to the time of the killing aforesaid.

*Thomson & Davis* for the appellant.

*R. D. Stephens* and *Thomas Corbett* for the appellee.

WRIGHT, J.—Upon these facts, our opinion is, that the court below should have found for plaintiff.

In the first place, plaintiff's hogs were on his own premises. He had a fence, not alone such as required by the vote and the statute (Rev., §§ 15, 45), but one fully answering the general statute defining a lawful fence. In other words, his lot was so inclosed that his hogs could not escape or run at large, save through and over defendant's track; but this track, by the terms of the deed granting the right of way, the company were to fence. Treating the company, therefore, as an adjoining proprietor, this duty, by the very terms of the grant, to say nothing of the general law, devolved upon it, and not upon plaintiff.

1. RAILROAD: injury to swine.

Now, if the plaintiff's hogs had escaped from his land and been killed while on the track at another and different place, a different question might arise. But when they are properly within the inclosure of the owner, and pass to the track in no manner fenced, a track built over a right of way, granted upon condition that the road should

be fenced by the company, our opinion is, in the absence of negligence, or the like, on plaintiff's part, that he may recover for the loss.

It is urged, however, that if the company had fenced, there was no obligation to build one to turn swine or sheep, and that as these hogs, not being prop-

2. —— local regulation against swine at large.

erly confined, would or might have still passed on to the track, the failure to fence placed plaintiff in no worse condition, and, therefore, he should not recover.

To this we answer, that it by no means follows that a compliance with the general law, might not have afforded some protection to plaintiff's stock. But, however this may be, our opinion is that this local regulation does not apply to a fence along the track of a railway. The law of 1862 (p. 198, § 6, ch.   ) contemplates a fence adequate to keep stock from the track. The legislature, fully conscious of the rapid movement of the rolling stock on these roads, the danger to property when passing on or along the same; knowing, too, that, in almost all parts of the State, cattle, swine and sheep are allowed to run at large, had in view a fence as defined by the general law. This is clearly so, if the company would avoid liability as to stock (hogs or swine) rightfully within the owner's inclosure, and passing from thence directly to the track. There may be some doubt, if the swine or sheep are improperly at large and are injured, either when there is no fence, or one not complying with the local regulation. But, as to such a case, we intimate no positive opinion, confining ourselves for the present to the one before us.

Entertaining these views it follows that the judgment below should be reversed. Before closing, however, we

3. PRACTICE: bill of exceptions.

remark that the appellee is correct in his claim that the bill of exceptions should have

been brought to this court by copy and not in its original form. It is only in some exceptional cases, or when it becomes necessary to see the original, that it should be sent to this court, and if the objection had been made by motion or before the case was submitted, the proper rule would have issued. Raised, however, for the first time in the printed argument, the objection, being one not fatal to the appeal, working at most a continuance to obtain a corrected transcript, conceiving, in their absence, that counsel preferred an early decision upon the merits, we have waived a compliance with the rule, satisfied, as we are, that in this case there was no intention to evade it.

Reversed.