SPENCE v. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

Railroad company: LIABILITY FOR SWINE KILLED. Under chapter 169, Laws of the Ninth General Assembly, a railroad company is liable for swine killed upon its track, while running at large, at a point where it has the right but neglects to fence its road, although swine are prohibited from running at large by a vote of the legal voters of the county where the injury occurs, unless it be shown that such injury was occasioned by the willful act of the owner or his agent.

*Appeal from the Tama District Court.*

MONDAY, JUNE 22.

ACTION to recover for stock killed on the defendant's track by the engine. Judgment for defendant. The plaintiff appeals.

*Wm. H. Stivers* for the appellant.

No appearance for the appellee.

COLE, J. — The cause was submitted and determined upon the following agreed statement of facts: "The de-

RAILROAD COMPANY: liability for swine killed. fendant is a corporation, and during the year 1865 was running and operating a railroad in this State and through the county of Tama. On the 10th day of October, 1865, in Salt Creek township, in said county, a train of cars, running on the said defendant's railroad, ran against and killed a hog of the plaintiff's, of the actual value of forty-five dollars, which hog at that time was running at large. Said railroad was not fenced on either side thereof at the point where said hog was killed, and the defendant had the right to fence said road at said point. More than thirty days before the commencement of this suit, the plaintiff served on the defendant a notice, accompanied by an affidavit of the killing of said hog, in which he stated and claimed the value of said hog at sixty-five dollars. The defendant did not pay or offer to pay to the plaintiff the value of said hog, or any part thereof, before the commencement of this suit. At the general election held in and for said county of Tama, in November, 1864, it was determined by a vote of the legal voters of said county, that hogs and sheep should be prohibited from running at large in said county from and after the 1st day of August, A. D. 1865; and said vote, determination and prohibition was in force and effect in said county at the time said hog was killed."

It was agreed that this statement should stand as the finding of the facts by the court. As a conclusion of law therefrom, the District Court found that plaintiff was not entitled to recover, and rendered judgment in favor of defendant for costs. This action is now complained of as error.

The decision of the case does not rest upon common law principles which preclude a plaintiff from recovering where he has himself been negligent or where the negligence is mutual; but it must be decided under our stat-

ute, which fixes the rights of the parties in such cases. By chapter 169 of the Laws of the Ninth General Assembly (Laws of 1862, p. 198), it is enacted: "Sec. 6. Any railroad company hereafter running or operating its road in this State, and failing to fence such road on either or both sides thereof, against live stock running at large, at all points where said roads have the right to fence, shall be absolutely liable to the owner of any live stock injured, killed or destroyed, by reason of the want of such fence or fences as aforesaid, for the value of the property so injured, killed or destroyed, unless the injury complained of is occasioned by the willful act of the owner or his agent; and in the cases contemplated by this section, in order to recover, it shall only be necessary for the owner of the property to prove the injury or destruction com. plained of." There is then a proviso to the section, that, if the company neglect, for thirty days after notice and affidavit of the loss and value, to pay the same, it shall be liable for double the value.

Under the ordinary and well recognized rules of law, it is very clear, that, since this plaintiff was himself guilty, not only of negligence, but of the violation of a positive regulation or law, in suffering or allowing his hog to run at large, he could not recover. But our statute, quoted above, makes the railroad company absolutely liable for stock killed on its road if not fenced. This liability exists regardless of the question of negligence. Indeed, the statute . expressly declares that liability to exist, " *unless the injury was occasioned by the willful act of the owner or his agent*," and then it casts the burden of proving this willfulness upon the railroad company, by providing that " it shall only be necessary for the owner of the property to prove the injury or destruction complained of." The agreed statement is silent, as to whether the hog was running at large by accident, or by the care-

less or willful act of plaintiff. Unless it was the latter, plaintiff may recover; and this latter fact must be shown, or the right to recover is not defeated. It is not shown in this case.

What measure of proof the legislature intended to require, in order to show that the stock was injured, killed or destroyed, "*by reason of the want of such fence*," may not be so entirely clear as to exclude every doubt. And yet, it seems to us, that the fact that such fence is not constructed, is of itself sufficient, *prima facie*, to entitle the owner of such stock as may be injured, to recover. Whether the company could defeat such *prima facie* case, by showing the particular animal injured to be so unruly as not to be stopped or turned by such fence, we need not now determine. In this case there is no showing that the fence required by law, if built, would not have prevented the accident. The agreed statement of facts shows "the injury or destruction complained of," and that makes the plaintiff's case, so far as that branch of it is concerned. If the plaintiff had driven his hog upon the track, or had permitted him to escape for the purpose of going upon the track, such acts, being "willful," might well be held to have "occasioned" the injury, and therefore defeat a recovery. But in this case there is no such showing; the only fact shown is, that the hog was at large contrary to the regulation in that county. This alone, under our statute, will not defeat the plaintiff's right to recover. The same rule is held in New York under a statute much less rigorous than ours. See *Corwin* v. *N. Y. & E. R. R. Co.*, 13 N. Y. (3 Kern.) 42; followed and approved in *Shepherd* v. *The B. N. Y. & E. R. R. Co.*, 35 N. Y. (8 Tiff.) 641; *Bradley* v. *The Same*, 34 id. 427. See also *Fernow* v. *Dubuque & South-western R. R. Co.*, 22 Iowa, 528; *Russell* v. *Hanley*, 20 id. 219.                    Reversed.