STEWART v. THE BURLINGTON & M. R. R. Co.

1. Railroad: LIABILITY FOR STOCK KILLED: BULL. A railroad company is, under chapter 169, Laws of 1862, absolutely liable for stock killed by its trains at a point where the company have the right to fence its road, but have failed therein, unless the injury was occasioned by the willful act of the owner.

2. —— The permitting a bull to run at large by the owner thereof does not constitute such willful act.

*Appeal from Jefferson District Court.*

FRIDAY, DECEMBER 8.

ACTION for the recovery of the value of a bull, upon an agreed statement of facts as follows, to wit:

"That on August 21, 1868, plaintiff owned a bull of the value of $50; that said bull was running at large by the permission of the owner, the plaintiff, and was run over at said Jefferson county by one of defendant's railroad trains, while thus running at large, and at a place on said road where defendant had a right and authority to build, erect, and keep up fences inclosing said road, but where there was no fence."

Judgment for plaintiff. The defendant appeals.

*David Rorer* for the appellant.

*D. P. Stubbs* for the appellee.

DAY. Ch. J. — This action is based upon the provisions of chapter 169 of the laws of the ninth General Assembly (Laws 1862, p. 198), by which it is enacted: "Sec. 6. Any railroad company hereafter running or operating its road in this State, and failing to fence such road on either or both sides thereof, against live stock running at large, at all points where said road have the right to fence, shall be absolutely liable to the owner of any live stock injured, killed or destroyed, by reason of the want of such fence or fences as aforesaid, for the value of the property so injured, killed or destroyed, unless the injury complained of is occasioned by the willful act of the owner or his agent; and in the cases contemplated by this section, in order to recover, it shall only be necessary for the owner of the property to prove the injury or destruction complained of."

In the case of *Spence* v. *Chicago and North Western Railway Co.*, 25 Iowa, 139, it is held, that under this statute the liability of the railroad exists regardless of the question of negligence, and attaches for the killing of stock unlawfully at large. Citing *Corwin* v. *N. Y. & E. R. Co.*, 13 N. Y. (3 Kern.) 42, which fully sustains this view. The railroad company is absolutely liable "*unless the injury*

*was occasioned by the willful act of the owner or his agent,*" and the burden of proving this willfulness is cast upon the company. *Spence* v. *Chicago & North Western Railway Co.*, 25 Iowa, 141. But one question therefore remains for our determination in this case: do the admitted facts show that the injury was *occasioned by the willful act* of the plaintiff?

In the agreed facts it is stated that "said bull was running at large by the *permission* of the owner." The word "permit" means to allow, to grant leave or liberty to, by express consent, to allow by silent consent, or by not prohibiting. Webster's Dictionary. In one sense, therefore, a man may be said to permit that which he has the power to prevent, but does not prevent. His permission may result from mere passiveness or inertness. In this case there may be various acts of *omission* as well as of commission, which will supply every condition of the agreed statement. The animal in question may have broken from the inclosure of plaintiff, and through mere inattention he may have neglected to re-confine him, or through indolence he may have suffered his fences to become so out of repair as to be insufficient to restrain him. Now, in both these cases, the animal would be at large by permission of the owner, and in both of them such permission would establish the existence of such contributory negligence as, at common law, would defeat a recovery. But would they justify the conclusion that an injury to the animal thus at large *was occasioned by the willful act of the owner?* A willful act is an obstinate, stubborn, perverse act; and an act done willfully is one done stubbornly, by design, with set purpose. Now, the mere passiveness which indolently permits an act to be done through the lack of will to prevent, falls very far short of that positive condition of the mind which causes an act to be done by design and with set purpose. It is not incumbent upon the plaintiff to show that his own willful act did not occasion the injury.

His case is made out when he proves the destruction or injury complained of. The burden of proof then devolves upon the defendant to establish that the injury was occasioned by the willful act of the owner or his agent.

In our opinion willfulness is not established by such ambiguous fact as that the animal was at large by *permission* of the owner.

The court below, in finding for plaintiff, did not err, and its judgment is

Affirmed.