## Fritz v. The Milwaukee & St. Paul R. R. Co.

Railroad: LIABILITY FOR SWINE KILLED. A railroad company is liable for swine killed upon its track at a point where it has a right to fence, and which escaped there from the premises of the owner, adjoining the right of way, by reason of the inclosure being insufficient to turn swine, although swine and sheep were prohibited from running at large by a local regulation of the county.

### *Appeal from Howard District Court.*

### Thursday, July 25.

Action to recover double the value of eight hogs, killed by a train on defendant's road. Judgment for plaintiff. Defendant appeals. The facts are stated in the opinion.

*Noble, Hatch & Frese* and *T. Updegraff* for the appellant.

*Morse & Brown* for the appellee.

Day, J. — The petition alleges that, on or about the 7th day of November, 1870, the defendant, while running its train of cars, by the mismanagement of its agents, ran its cars upon and killed eight of plaintiff's hogs. That said hogs were, at the time of being killed, kept on the premises of plaintiff, and adjoining the railroad track over which said train of cars ran. That defendant had no sufficient bars, nor sufficient fence at the place along the line of its railroad where said hogs escaped or entered upon defendant's track, to prevent them from going thereon.

The plaintiff further alleges the serving of defendant with a written notice of the killing of said hogs, the failure of defendant to pay therefor, and the due appraisal thereof as provided by law.

Vol. XXXIV.— 43

The answer admits the killing of the hogs as alleged, but denies all negligence, and alleges that said hogs were, before getting on defendant's track, on the premises of plaintiff; that said premises were not inclosed on either side by a fence sufficient to restrain sheep and swine; that the track of defendant's railroad at the place where said hogs got upon said track was inclosed by a four-board fence sufficient to restrain or turn cattle and horses, but not sufficient to turn sheep or swine, and that said track ran through the premises of plaintiff; that, at the time of the killing and previous thereto, by the local regulation of the county, sheep and swine were restrained from running at large in said county. The cause was submitted to the court upon the pleadings admitted to be true, and judgment was rendered for plaintiff for $96.

The action is brought under section 6, chapter 169, laws of 1862, as follows: "Any railroad hereafter running or operating its road in this State, and failing to fence its road on either or both sides thereof, against live stock running at large, at all points where said road has the right to fence, shall be absolutely liable to the owner of any live stock injured," etc.

Appellant contends that this statute must be construed as though the words "legally" or "properly running at large" were inserted. This point was decided adversely to the position of appellant in the case of *Stewart* v. *The B. & M. R. R. Co.*, 32 Iowa, 561. In *Spence* v. *Northwestern Railway Co.*, 25 id. 139, it is held that a railroad company is liable for swine killed upon its track while running at large, at a point where it has the right but neglects to fence, although swine are prohibited from running at large by local regulation. In *Fernow* v. *Dubuque & Southwestern Railway Co.*, 22 Iowa, 528, it is held that a railroad is liable, under the same circumstances, for swine killed that came upon the track from the inclosure of the owner; and that a local regulation, rendering a fence lawful

which does not turn swine and sheep, does not apply to a fence along a railway. See, also, *Stewart* v. *The Chicago & Northwestern Railway Co.*, 27 Iowa, 282. These cases are decisive of the correctness of the judgment appealed from.

Appellant further claims that it does not appear that defendant had a right to fence where the injury was done. This right sufficiently appears from the allegation of the answer that a fence was, in fact, built at that place.

Affirmed.