————o————

HENRY BURHAM, Respondent, vs. ST. LOUIS & I. M. RAILROAD Co., Appellant.

1. *Railroads—Damages—Negligence, contributory.*— Although one injured by a railroad collision may have failed to exercise ordinary care and prudence, and thereby contributed remotely to the injury complained of, yet if the accident was directly caused by negligence of the company, the latter will be liable.

2. *Practice, civil—Jury—Evidence.*—In civil law cases, the jury must determine the weight of evidence.

*Appeal from St. Louis Circuit Court.*

*Dryden & Dryden*, for Appellant.

*J. N. Straat*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This suit was brought to recover damages for injuries alleged by plaintiff to have resulted from the negligence of defendant's employees, in coming in collision with plaintiff's wagon whilst crossing the track of defendant's railroad. The plaintiff was driving his wagon down Fillmore Street in Carondelet, or South St. Louis, towards the river, and when partly on the track of the railroad, the locomotive, which was

going at considerable speed, struck the wagon, destroyed it, and inflicted very serious wounds on the plaintiff, disabling him, to some extent, for life.

The only question in the case, was one of negligence or want of care on the part of the defendant, or contributory negligence on the part of the plaintiff, directly leading to the collision.

The court gave two instructions for the plaintiff:

"1. If the jury find from the evidence that the plaintiff was injured while attempting to cross the track of the defendant, as stated in his petition, and that such injury was caused by the carelessness, negligence, or recklessness of the servants, agents and employees of the defendant, in conducting, managing and running the locomotive engine and cars attached thereto, without any fault, misconduct or negligence on the part of the plaintiff, directly contributing thereto, then they must find for the plaintiff."

"2. The jury are instructed, that although the plaintiff may have failed to exercise ordinary care and prudence, while attempting to cross the track of defendant, as stated in his petition—which may have contributed remotely to the injury complained of—yet if the agents, servants and employees of the defendant were guilty of negligence, carelessness or recklessness, in conducting, running and managing the locomotive engine and cars thereto attached, which was the direct and immediate cause of the injury, and might have prevented it—the injury—by the exercise of ordinary prudence and care, the defendant is liable."

The third instruction relates the rule of damages, and no objection being made to it, is not inserted.

For the defendant, the court gave the following instructions:

"1. That the defendant had the lawful right to run its locomotives and cars on and along its railroad track; and although the jury may believe from the evidence in the cause, that a train of defendant's cars, running on said railroad, collided with a wagon on which the plaintiff was seated, and injured him,

yet if they further believe from the evidence, that said injury happened by accident, and not by reason of any negligence or want of care of the agents and employees of defendant, in charge of said train, the verdict of the jury should be for the defendant."

"2. If the jury believe from the evidence, that just before the happening of the collision between the train and the team spoken of by the witnesses, and before said team had been put across said defendant's railroad track, the plaintiff knew, or by the exercise of reasonable care and attention, might have known, that defendant's said locomotive and cars were then so near at hand and approaching him, that an attempt to cross said track in front of the same would be plainly dangerous and hazardous, and that plaintiff did yet, nevertheless, attempt to drive said team across said track in front of said approaching locomotive and cars, and that the said attempt of plaintiff to drive across said track, directly contributed to produce the injuries complained of by plaintiff, then they must find for defendant."

"3. The court further instructs the jury, that although they may believe that the negligence or want of care of the agents and servants of the defendant contributed to the happening of the injury complained of, yet if they shall further believe from the evidence, that the plaintiff was likewise guilty of negligence or want of care, which directly contributed to produce said injury, the verdict must be for the defendant."

"4. The jury are further instructed that they are not justified in finding against defendant, from the mere fact that the plaintiff received the injury complained of, but before they can so find, they must believe from the evidence in the cause, that such injury happened by reason of the negligence or want of proper care of the agents and servants of the defendant, and without any negligence, or want of care on the part of the plaintiff, directly contributing to such injury."

"5. The jury are further instructed that if they believe from the evidence in the cause that the injury complained of, happened wholly by reason of the negligence or recklessness of

the plaintiff, the verdict of the jury should be for the defendant."

"6. The law does not prescribe any limits to the speed at which engines or cars may be run in towns or cities in this State."

The evidence in this case established that from Elwood street to Fillmore street, the distance was about 300 feet, and that about ten steps above Elwood street, the train would come in sight to a person on Fillmore street—that upon this occasion, the train was an express train, and did not stop at the station near the foot of Elwood street. The witnesses are not agreed as to the rapidity with which the train was moving—nor do they agree as to whether the bell was rung— but they do agree that the whistle was sounded three times after turning the point at Miller's house, just above Elwood street. The plaintiff states that his wagon, when he first saw this train, was partly over the track, with the fore-wheels between the rails—that he never heard any bell—and when he saw the locomotive, he whipped up his mules, but by reason of the elevation of the east rail, he could not get over in time before the locomotive struck the wagon. He describes the train as moving with great rapidity—he could not back on account of the depression of the ground between the rails.

On the contrary, some of the plaintiff's witnesses stated that the plaintiff was on the west side of the track when the train came in sight, and the first whistle sounded—that by remaining where he was, the accident might have been avoided—that the plaintiff seemed to have lost his presence of mind, and attempted, with whip and reins, to drive his mules over ahead of the locomotive.

The evidence is very conflicting, but the jury found a verdict for the plaintiff.

It is plain that there was some evidence of negligence on the part of the defendant, contributing directly to the disaster. That the crossing was not in proper order for convenient or rapid transit of wagons, was in proof, and whether it was so or not, was properly submitted to the jury.

The instructions presented the case very fairly. All those asked by the defendant were given, and those given for the plaintiff were undoubted law—and the only objection made here, is to the second instruction—not on account of the principle of law which it is conceded it was intended to assert—but on account of its phraseology not being sufficiently definite and clear, so as to exclude the possibility of its being construed to impose diligence on the defendant's agents before they became aware of the situation of plaintiff and his wagon. But we think this is a necessary implication, and the instruction would not have been understood otherwise, especially when accompanied with the six pointed and plain instructions given for the defendant. The jury must have found, under this instruction, that after the defendant's agents had become aware of the dangerous situation of plaintiff's wagon, it was still in the power of the managers of the train, by putting down the brakes, or reversing the engine, or by some other mode, to have prevented the collision. Of course they could not prevent an injury of this sort by any amount of care and prudence, if they never saw the plaintiff's wagon, or could not, by ordinary precaution, have seen it, until it was too late; and this instruction merely requires ordinary care and prudence in the prevention of the disaster, originating through the imprudence of the plaintiff in driving his wagon on the track at such a time, when he knew a train was expected; and the question of the knowledge of the conductors of the train, or of their opportunities of knowledge of the plaintiff's situation, necessarily entered into the question of prudence and care, or its opposite, of negligence, recklessness and want of care. This point might have been defined more distinctly in the instruction, but the instruction corresponds with, and is consistent with, all the instructions asked for and given by the court for the defendant—which are not more definite on this specific point, than the one given for the plaintiff.

The only substantial objection to the verdict is, that it is against the weight of evidence, and this point having been

passed on by the court where the trial was had, is no longer one which this court has any control over.

Judgment affirmed; the other judges concur.