| 17 | 103 |
| 47 | 629 |
| 17 | 103 |
| f156s388 | |
| 17 | 103 |
| 102 | 448 |

WILLIAM J. MORROW, Respondent, v. THE MISSOURI PACIFIC RY. CO, Appellant.

March 23, 1885.

RAILROAD FENCES—OBLIGATION TO ERECT AND MAINTAIN NOT ALTERED BY THE ADOPTION OF THE LAW RESTRAINING SWINE.—The obligation of a railroad to fence the sides of its road passing through, along, or adjoining enclosed or cultivated fields, as prescribed by section 809 of the Revised Statutes, 1879, of this state, and the general law, is not changed or altered by the adoption of the law restraining swine, as contained in chapter 159 of the Revised Statutes, 1879, of this state. Following *Stanley* v. *The Mo. Pacific Ry. Co.*, not yet reported, Supreme Court, Mo., Oct. term, 1884.

APPEAL from Jackson Circuit Court, HON. F. S. BLACK, Judge.

ADAMS & BOWLES, for appellant.

BOGGESS & MOORE, for respondent.

*Affirmed.*

Opinion by ELLISON, J.

This action arose in Cass county, in which county the "hog law" has been adopted by the people. On the trial the court, sitting as a jury, found the following facts:

"The court finds from the evidence that the defendant owned and operated a railroad and did so at the several dates mentioned in the petition, and prior and subsequent thereto. That the plaintiff is the owner of a farm in the county of Cass and state of Missouri, and at and during all the time intervening, until the dates aforesaid, was in possession and occupying said farm. That defendant's road runs along and adjoining plaintiff's said farm on the one side thereof. That a public highway also runs through said farm, in the general direction of the railroad, but not exactly parallel thereto. That the plaintiff has a fence all around that part of his farm lying between the public road and the railroad, containing about 95 acres of land. Except on the line of the railroad, this

tract so enclosed is and was at the date divided into three lots by fences running from the public road to the railroad, one lot containing seven acres, another about fifteen acres, and the other the remainder of the 95 acres. Plaintiff's dividing and cross fences were sufficient to prevent hogs and swine from escaping therefrom. His hogs were, at the dates alleged and prior thereto, kept within these two small fields, the fence around which was sufficient to and did keep his hogs within the same. The defendant during all these dates had kept the fence on the side of the road next to the plaintiff's enclosure consisting of boards and posts sufficient to keep horses, and cattle, and mules off the railroad, and of lawful height. The fence during all the time was not sufficiently close to keep hogs and shoats from going on to the railroad, but the openings in the fence, and between the posts, and boards, and the ground were so large as to, and did admit hogs and shoats to go, from, and through, and under said fence. That by reason of the fact that the fence of the defendant being insufficient to turn therefrom hogs and shoats, the hogs of defendant kept in his said enclosure did escape therefrom and go upon the track of defendant, and were killed and injured to the damage hereafter stated, on the dates hereafter stated, by the engines and cars of defendant. That at the several dates mentioned in plaintiff's petition, swine were prohibited by law from running at large within said county under the provisions of chapter 159 of the Revised Statutes of Missouri, and that plaintiff had no other fence but the fence of the railway company, enclosing his fields from the right-of-way of defendant."

Under the facts so found, the court, upon its own motion, declares the law governing this case to be that plaintiff is entitled to recover.

Appellant excepted to the action of the court and brings the case here. Since the argument before us, the case of *Stanley* v. *The Missouri Pacific Ry. Co.*, involving the same questions presented in this case, has been decided by the Supreme Court of this state, in which

it is directly held that plaintiff may recover, and that appellant's obligation to fence the sides of its road passing through, along, or adjoining inclosed or cultivated fields, as prescribed by section 809, Revised Statutes, and the general law, is not changed or altered by the adoption of the law restraining swine.

That case is decisive of this, and the judgment of the court below is affirmed. The other judges concur.