Bowman v. The Chicago & Alton Railroad Company.

BOWMAN v. THE CHICAGO & ALTON RAILROAD COMPANY, *Appellant.*

| | |
|---|---|
| 85 | 533 |
| 38a | 539 |
| 85 | 533 |
| 44a | 227 |
| 85 | 533 |
| 45a | 127 |
| 45a | 133 |
| 85 | 533 |
| 117 | 247 |
| 85 | 533 |
| 78a | 254 |
| 85 | 533 |
| 161 | 253 |
| 85 | 533 |
| 102a | 448 |

1. **Railroad: KILLING STOCK: ORDINANCE.** Running a railroad train within the limits of a municipal corporation at a greater rate of speed than permitted by its ordinance, is negligence *per se,* and the road is liable for the killing of stock occasioned by reason of such illegal rate of speed.

2. ——— : ——— : ———. The railroad would still be liable in such case, although the stock was running at large in violation of the city ordinance, provided it had escaped from the owner's inclosure without his knowledge or consent and the defendant by the exercise of ordinary care and prudence could have stopped the train so as to prevent the killing.

*Appeal from Louisiana Court of Common Pleas.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*Macfarlane & Trimble* and *W. H. Morrow* for appellant.

(1)   The ordinance regulating the rate of speed of defendant's engines and trains, and imposing a penalty for running at a greater rate than that prescribed by ordinance did not make a violation of such ordinance negligence.  The penalty was the only consequence which the law imposed.  *Brown v. Railroad,* 22 N. Y. 191, and authorities cited.   (2) The ordinance had reference to running of engines and trains over the streets and public grounds of the city and not to the working of trains by defendant on its own yard and depot grounds.   The necessity of the police regulation could extend no further than the streets and public grounds of the city.   Cooley on Const. Lim. 578 ; *Morris v. Railroad,* 58 Mo. 78 ; *Swearingen v. Railroad,* 64 Mo. 73 ; *Robertson v. Railroad,* 64 Mo. 412 ; *Meyers v. Railroad,* 7 Am. & Eng. Ry. Cases, 406.   (3) The ordinance prohibited owners from allowing hogs to run at large in the city, and hogs running at large were declared a nuisance.   Negligence will be imputed to plaintiff whatever his care.  *Munger v. Railroad,* 4 N. Y. 357 ; *Corwin v. Railroad,* 13 N. Y. 42 ; *Railroad v. Stephenson,* 24 Ohio St. 58 ; *Railroad v. Howard,* 11 Am. & Eng. Ry. Cases, 488 ; *Spencer v. Railroad,* 25 Iowa, 139 ; *Turner v. Railroad,* 78 Mo. 578. (4) Plaintiff, being chargeable with contributory negligence, was not entitled to a recovery unless defendant knew or by reasonable care might have known, that the hog was in a position of danger, and was thereafter guilty of negligence.  The rate of speed, without such knowledge and subsequent negligence, would not authorize a recovery.  *Liddy v. Railroad,* 40 Mo. 519 ; *Craig v. City of Sedalia,* 63 Mo. 417 ; *Burnham v. Railroad,* 56 Mo. 338 ; *Karle v. Railroad,* 55 Mo. 476 ; *Swigert v. Railroad,* 75 Mo. 475.

*M. G. Reynolds* for respondent.

(1)   The instructions given on the part of plaintiff are correct.   The first in substance declares that if the

Bowman v. The Chicago & Alton Railroad Company.

engine and train of cars were run at a speed not allowed by ordinance, and by reason of such unlawful running the hog was killed, the defendant is liable. 2 Thompson on Neg., p. 904, sec. 27, and p. 1232, sec. 5 ; *Karle v. Kansas City & C. Co.*, 55 Mo. 476. The second is to the effect that although the hog was at large in violation of an ordinance, but without the knowledge and consent of plaintiff, and she had been up in a good pen, the verdict should be for plaintiff if they believe she was killed by reason of the defendant running at a rate of speed prohibited by ordinance. *Spence v. C. & N. W. Ry. Co.*, 25 Iowa 139 ; *Fernow v. Dubuque & S. W. Ry. Co.*, 22 Iowa 528 ; *Stewart v. C. & N. W. Ry. Co.*, 27 Iowa 282 ; *Fritz v. Milwaukee & St. P. Ry. Co.*, 34 Iowa 337; *Stewart v. B. & M. Ry. Co.*, 32 Iowa 561. The third tells the jury that as to whether they made any attempt to stop the train might be considered with all the other facts and circumstances, and if they believe they could have stopped the train and failed to do so, defendant was liable. *Brown v. H. & St. Jo. Ry. Co.*, 50 Mo. 461 ; *Karle v. Kansas City & C. Co.*, 55 Mo. 476. (2) The refused instructions asked by defendant do not declare the law applicable to the case. (3) The demurrer to the evidence was rightly overruled. *Renick v. Walton*, 7 Mo. 292 ; *Fulkerson v. Baslinger*, 9 Mo. 838 ; *Watts v. Douglas*, 10 Mo. 676 ; *McPheeters v. Railroad*, 45 Mo. 24.

PER CURIAM.—This suit was instituted before a justice of the peace upon the following statement : " Plaintiff states that the defendant is a corporation, etc., and was on the —— day of June, 1882, engaged in operating a railroad in this state, and for a cause of action, says that on the —— day of June, 1882, he was the owner of one large black and white sow ; that on said day defendant, by the negligence, carelessness, and unskilfulness of its servants, agents, and employes in running of its engine within the limits of the city of Louisiana, Missouri, at an unlawful rate of speed, and in

violation of an ordinance, number eight hundred and ninety-six, duly passed and approved on, December 2, 1879, which said ordinance directed and required that no engine, car, or train of cars shall be run at a greater rate of speed than six miles per hour within the limits of said city ; that by reason of the negligence of the agents and employes of the defendant in running its engine within the limits of said city at a rate of speed much greater than six miles per hour, and further, by reason of the agents and employes then operating and running said engine, not attempting to stop said engine, the sow aforesaid was by them run over and killed near the depot of the St. Louis, Keokuk & Northwestern Railway Company, in the said city of Louisiana, Missouri, Buffalo township ; that said sow was of the value of twenty dollars, for which plaintiff prays judgment."

There was judgment before the justice for plaintiff, an appeal to the common pleas court and on a new trial there, judgment again entered for plaintiff ; from which the defendant appealed to this court. On the trial before the court of common pleas, the plaintiff testified to the ownership of the sow, and then read in evidence an ordinance of the city of Louisiana as follows :

" SECTION 1.    No locomotive engine, railroad passenger, freight or train of cars used upon railroad tracks, shall be driven, propelled, or run upon or along any railroad track within the limits of the city of Louisiana at a greater rate of speed than six miles per hour.

" SEC. 2.    Any railroad company or corporation who shall by themselves, their agents or employes, violate or fail to observe any of the provisions of the foregoing section shall for each failure or violation be fined in a sum not less than twenty-five dollars."

Plaintiff then offered a witness who testified that a switch engine of defendant's road backed a train of cars at a greater rate of speed than six miles per hour, and the same struck and killed the sow in question ; also,

that if said train had been running at no greater rate than six miles per hour, the train could have been stopped in time to have prevented striking the hog.

Defendant thereupon offered in evidence an ordinance of said city, as follows:

"SECTION 1. It shall not be lawful for any hogs of any age to be allowed to run at large within the limits of the city, and any hog or pig found to be running at large are deemed and declared to be a nuisance."

Defendant then offered two witnesses who testified they saw the train when it struck the hog, and it was not running as fast as six miles an hour. Also, evidence tending to prove that the train could have been stopped, but it was on a curve and a signal to stop could not have been seen by the engineer in charge, and that the hog left the track, and without the knowledge of those in charge of the train, returned to the track and was struck.

In rebuttal, plaintiff testified that he had his hog in a good pen, from which she escaped without his knowledge or consent.

For the plaintiff the court gave to the jury the following instructions:

"1. The court instructs the jury that if they believe from the evidence that there was an ordinance in force in the city of Louisiana, prohibiting railroads from running their engines and trains of cars at a greater rate of speed than six miles per hour in the city limits, and that defendant, by its agents and employes, did, on the ——— day of June, 1882, negligently run its engine and cars on the hog of plaintiff by running said engine and train of cars at a greater rate of speed than six miles per hour, and that by reason of said running said hog was killed, then defendant is liable, and the verdict should be for the plaintiff."

The second instruction was to the effect that defendant's liability would be the same, though the hog was running at large contrary to an ordinance, if it escaped

without the knowledge or consent of plaintiff, providing they further find she was killed by the negligence of defendant's agents or employes as set forth in instruction number one.

"3. If defendant's employes could, by the exercise of ordinary care, have stopped the train so as to have prevented the killing of the hog, the verdict should be for plaintiff."

I. The first instruction given on the part of the plaintiff is in accord with the doctrine laid down in *Karle v. K. C., St. Jo. & C. B. Ry.*, 55 Mo. 476 ; and in *Kelley v. H. & St. Jo. Ry.*, 75 Mo. 138, where it is held that, where a municipality having the power, passes an ordinance fixing the rate of speed beyond which locomotives and cars shall not be run within the corporate limits, a violation of such ordinance is negligence *per se ;* and when the evidence shows further that an injury occurs, which is caused by the prohibited rate of speed, then the railroad company is liable. But, unless it is shown that the injury was caused by the speed exceeding that prohibited by the ordinance, there is no liability. The first instruction squarely presented these questions, and was not objectionable.

II. The second instruction for the plaintiff includes the theory of the first, and also includes the further question that defendant would be liable, notwithstanding the fact that the plaintiff's hog was running at large in violation of a city ordinance ; provided the jury believed from the evidence that plaintiff's sow had been in a good pen and had got out and was at large without the knowledge or consent of the plaintiff. That if the jury believed the sow was killed by the negligence of defendant's agents, as set forth in the first instruction, they must find for the plaintiff. In *Spence v. The C. & N. W. Ry. Co.*, 25 Iowa 139, it was held that where a railway was liable for injury to swine occurring at a place where the road had failed to fence its line, the fact that swine were

prohibited by law from running at large, would not relieve the road from liability, unless it be shown that such injury was occasioned by the wilful act of the owner or agent. The same doctrine is re-affirmed in *Fritz v. The M. & St. P. Ry. Co.*, 34 Iowa 337. These authorities fix negligence *per se* on defendant, by running their trains at a greater rate of speed than that permitted by the ordinance, and that if, in addition thereto, it be shown that the killing or injury was caused by this illegal rate of speed, then the defendant is liable; and would be liable even though the sow was at large in violation of another ordinance, provided, it be shown that she was so at large without the knowledge or consent of plaintiff, and provided, further, that defendant's employes could have by the exercise of ordinary care and prudence, stopped the train so as to have prevented the killing.

These questions were all fairly presented to the jury by the plaintiff's instructions and were passed on by them. Upon some of the questions, notably the rate of speed, there was a conflict of evidence. But all things considered, the jury found for the plaintiff, and their verdict must stand. *Burhan v. St. L. & I. M. Ry.*, 56 Mo. 338; *Robertson v. W., St. L. & P. Ry. Co.*, 84 Mo. 119.

The judgment of the court below is affirmed.