Lee v. The Minneapolis & St. Louis R'y Co.

LEE v. THE MINNEAPOLIS & ST. LOUIS R'Y CO.

1. **Railroads:** FENCING TRACK: LIABILITY FOR SWINE KILLED ON TRACK. Where an occupant of land traversed by a railway allows his swine to run at large on the land, and they go upon the track at a point where the company has the right to fence, but does not, and are killed by a passing train, he may recover of the company, under § 1289 of the Code, without proving that they were killed through the negligence of the company's servants. *Krebs v. Minneapolis & St. Louis R'y Co.*, 64 Iowa, 670, followed.

2. ———: ———: SUFFICIENCY OF FENCE. If a railroad company desires to exonerate itself from liability for injury to stock, under § 1289 of the Code, it must fence its track against "*live stock*" running at large, which includes swine. Section 1507 of the Code, prescribing what is a lawful fence, does not determine the character of fence which a railway company is required to build in such cases.

3. ———: INJURY TO LIVE STOCK ON TRACK: "WILLFUL ACT OF OWNER." Allowing swine to run on one's own land in close proximity to an unfenced railroad track is not that "willful act of the owner" which, under § 1289 of the Code, exonerates the railroad company from liability in case they go on the track and are killed.

*Appeal from Hancock Circuit Court.*

FRIDAY, APRIL 24.

THIS is an action to recover double the value of two hogs, the property of the plaintiff, which were killed by a train of cars on defendant's railroad, at a point where it had the right to fence its road, but had not done so. Upon a trial of the case a judgment was rendered for the plaintiff, and defendant appeals.

*J. D. Springer* and *Bush & Wichman*, for appellant.

*J. E. Bradford*, for appellee.

ROTHROCK, J.—I. The amont in controversy, as shown by the pleadings, does not exceed $100, and the appeal comes to us upon the following certificate of the trial judge: "(1) Where hogs, which are prohibited by statute from running at large, are allowed by the owner to run at large upon his unfenced premises, through which a line of railway runs, with the full knowledge, sufferance and consent of the owner, and while so running at large go upon the line of defendant's unfenced railway, at a point where defendant has a right to fence its railway, and are killed by defendant's train running thereon, is the defendant railway company liable for damages, under section 1289, Code, without any showing that said loss or damage was caused by negligence of defendant railway company's servants? (2) Does said statute require railway companies operating railway lines in this state to fence their said railway lines against hogs running at large, which are prohibited by statute from running at large?"

*1. RAILROADS: fencing track: liability for swine killed on track.*

In the cases of *Fernow v. Dubuque & S. W. R. Co.*, 22 Iowa, 528, *Spence v. Chicago & N. W. R. Co.*, 25 Id., 139; and *Stewart v. Same*, 27 Id., 282, it was held that under chapter 169, Laws of the Ninth General Assembly, a

railroad company was liable for swine killed on its track, while running at large, at a point where the company had the right to fence its road and had not done so, although swine were prohibited from running at large by local county regulations where the injury occurred, unless it were shown that such injury was occasioned by the willful act of the owner or his agent. It is claimed by appellant that by section 1289 of the Code a material change was made in the act of the Ninth General Assembly above cited, and that the above cases are no longer applicable. In the case of *Krebs v. Minneapolis & St. L. R. Co.*, 64 Iowa, 670, the same question was presented, and we held that the change made in the statute did not effect the question of liability. We are content with the ruling made in that case.

II. It is further claimed that as section 1289 of the Code does not prescribe what kind of a fence shall be built, the com-

2. ——: ——: *sufficiency of fence.* pany is only required to build such a fence as is prescribed by section 1507 as a lawful fence, and that such fence may be built of three boards, rails or barbed wire, the bottom one to be not less than 16 inches nor more than 20 inches from the ground; and that, if defendant had built such a fence, it would not have prevented the plaintiff's hogs from going upon the track. The sufficient answer to this position is that the statute, section 1289, requires that, if a railroad company desires to exonerate itself from liability, it must fence its road against "*live-stock*" running at large. This includes all live-stock, and not merely cattle and horses; and, besides, that section expressly provides that "no law of the state, * * * in relation to the fences of farmers or land-owners, shall be applicable to railroad tracks, unless so specifically stated in the regulation."

III. It is further urged that the plaintiff was guilty of

3. ——: *injury to live-stock on track: "willful act of owner."* gross negligence in allowing his hogs to run at large on his premises in close proximity to the railroad track. We do not think that this constitutes the "willful act of the owner or his agent,"

which, by section 1289 of the Code, exonerates the railroad company from liability. See *Krebs v Railroad Co.*, above cited. We think the circuit court correctly determined both of the certified questions, and the judgment is

AFFIRMED.