Thomas Boyle, Respondent, v. Missouri Pacific Railway Company, Appellant.

Kansas City Court of Appeals, April 5, 1886.

1. Damages — Pleading — Sufficiency of Averments — Case Adjudged.—Where, as in this case, action is brought to recover single damages for killing plaintiff's cow, and by the statement it is not averred that the place where the cow went upon the railroad track was where defendant might have inclosed the road with a lawful fence, but it is only averred that the road "was not inclosed with a lawful fence," this is not sufficient.

2. ——— Contributory Negligence—Stock Law Prior to and Since 1883.—Prior to the enactment of the statute of 1883 (Laws of Mo. 1883, pp. 26-28), the law was settled by repeated decisions, that it was not contributory negligence for the citizen to turn his stock upon the common in the vicinity of a railroad, although he knew at the time that the road was not fenced at that point. *Gorman v. Railroad*, 26 Mo. 441; *Davis v. Railroad*, 19 Mo. App. 425. By that act (1883) it is declared unlawful for owners of stock to permit them to run at large outside the enclosure of the owner of such stock—but the obligation of railroads to fence is expressly excepted out of the operation of the act. When the act of 1883 became a law it was provided by statute (sect. 809, Rev. Stat.) that defendant should enclose its road at the point where this injury occurred. In not so fencing it neglected a public duty, and exposed itself to an action for damages resulting therefrom, and, therefore, the imputed negligence was established by proving the point of injury and the absence of such fence; and the act of 1883 constitutes no defence in this case. Neither does the act of 1883 prevent a recovery under section 809, Revised Statutes.

Appeal from Lafayette Circuit Court, Hon. John P. Strother, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action to recover single damages for killing plaintiff's cow. Suit was begun in a justice's court, and tried on appeal in the circuit court. The statement

contained two counts. As the court directed a finding for the defendant on the first count, and the plaintiff recovered on the second, it is only necessary to consider the latter.

Omitting the formal averments, the statement alleges, in substance, that on or about February 4, 1885, in Lexington township, Lafayette county, defendant, by its servants, agents, etc., while running its locomotive and cars upon its road in said township, and at a point therein where its road was not inclosed with a lawful fence, and not in the crossing of any public highway, by and through the carelessness and negligence of defendant, ran the same over and against a large cow of plaintiff of the value of one hundred dollars, and killed said cow, whereby, etc.

Plaintiff's evidence tended to show that at the point where the accident occurred there was no fence; and there is evidence that the point was such where defendant might lawfully have erected and maintained a fence. There was no other proof of negligence on the part of defendant occasioning the injury.

The plaintiff stated and admitted that he turned and permitted his cow to run upon the commons in and about the point where she was injured.

"It was admitted by the parties to this cause that an act entitled 'an act to restrain domestic animals from running at large,' approved March 27, 1883, found on pages twenty-six to twenty-eight, inclusive, of the session acts of Missouri of 1883, concerning stock running at large, had been adopted by the voters of Lafayette county (the county in which the damage herein sued for occurred), on the —— day of November, 1884, which was prior to the happening of the injuries, and that said act was in full force in said county at the time of the happening of the injury herein complained of."

At the close of the evidence the defendant prayed the court to instruct the jury as follows:

"At the close of all the evidence the court instructs the jury that under the pleadings and evidence in this cause the plaintiff is not entitled to recover, and your verdict must be for the defendant."

The court refused to so instruct the jury; but, at the instance of the plaintiff, gave the following declaration of law:

"The court instructs the jury that if they believe from the evidence that plaintiff's cow was, on the fourth day of February, 1885, run against and struck by the cars, locomotives or other carriages used on the railroad of said defendant and thereby killed or injured, from the result of which injuries she died or was rendered valueless and killed, and that said cow got upon said track and was so killed or injured at a point on said railroad that was not enclosed by a lawful fence, nor in the crossing of a public highway, they will find for the plaintiff under the second count of plaintiff's petition, and assess his damages at such a sum as they may believe from the evidence was the reasonable market value of said cow at the time she was so injured or killed. The jury will find for the defendant upon the first count of the petition. If you find for the plaintiff upon the second count you will so state."

The jury returned a verdict for plaintiff on the second count, assessing the value of the cow at fifty-five dollars. From the judgment thereon the defendant prosecutes this appeal.

ADAMS & BOWLES, for the appellant.

I.    Where the petition alleges certain acts of negligence, as causing an injury, and the proof does not support such allegations, the court should direct a verdict for defendant. *Link v. Vaughn*, 17 Mo. 585; *Edwards v. Giboney*, 51 Mo. 129; *Haines v. Railroad*, 41 Iowa 227.

II.    It is the point of entry, and not the place of injury, that makes a cause of action for failure to fence.

*Moore v. Railroad*, 81 Mo. 499 ; *Rowland v. Railroad*, 73 Mo. 619 ; *Cunningham v. Railroad*, 70 Mo. 202.

III.   Plaintiff having *voluntarily* permitted his cow to run at large, in violation of the act making it unlawful for domestic animals to run at large· outside the enclosure of the owner (Sess. Acts, 1883, pp. 26, 28), cannot now complain of defendant for an injury brought about by his own unlawful act. *Railroad v. Lea*, 20 Kansas 253 ; *Bowman v. Railroad*, 85 Mo. 533; *Railroad v. Champ*, 75 Ill. 577 ; *Wilder v. Railroad*, 65 Maine 553 ; *Railroad v. Methven*, 21 Ohio St. 586 ; *Pitzner v. Shinnick*, 39 Wis. 129 ; *Railroad v. Lamborn*, 12 Md. 257 ; *Giles v. Railroad*, 55 N. H. 552 ; *Darling v. Railroad*, 121 Mass. 118 ; *Bemis v. Railroad*, 42 Vt. 375 ; *Hance v. Railroad*, 26 N. Y. 428 ; *Walsh v. Railroad*, 8 Nev. 110.

IV.   The law of this state has long been well settled that for the owner to recover damages of a railroad company for killing stock upon its track, it is incumbent upon him to show that his stock is rightfully upon the land adjoining the railroad track from which they entered thereon. *Harrington v. Railroad*, 71 Mo. 384 , *Berry v. Railroad*, 65 Mo. 172 ; *Johnson v. Railroad*, 86 Mo. —

V.   Where the negligence of the plaintiff contributes to produce an injury, it thereby defeats a recovery *Ellis v. Railroad*, 55 Mo. 278 ; *Bowman v. Railroad*, 85 Mo. 533.

GRAVES & AULL, for the respondent.

I.   Under section 2124 plaintiff was not required to prove any negligence on part of defendant; and it matters not if the highest care was exercised by the agents of the railroad, if the road was not fenced as required by law, defendant is responsible for damages resulting therefrom. *Powell v. Railroad*, 35 Mo. 457; *Young v. Railroad*, 79 Mo. 336 ; *Nall v. Railroad*, 59 Mo. 112.

II.   Nor was it unlawful for plaintiff to permit his

cow to run at large, prior to the act of 1883, nor was it negligence upon his part. *Gorman v. Railroad*, 29 Mo. 441; *McPheeters v. Railroad*, 45 Mo. 22; *Turner v. Railroad*, 78 Mo. 578.

III. The *proviso* in section five, of the act of 1883, leaves plaintiff in the same position as he was prior to said act, and defendant's obligations are not lessened nor interfered with. But regardless of the above exception as to railroads plaintiff would be entitled to recover, even though said section five had been omitted. *Krebs v. Minneapolis, etc., Railroad*, 21 N. W. Rep. 131; *Lee v. Railroad*, 23 N. W. Rep. 299; *Burlington v. Franzea* 18 N. W. Rep. 511; *C., B. & Q. Railroad v. Sims*, 24 N. W. Rep. 388; *Atchison, etc., Ry. Co. v. Shaft*, 6 Pac. Rep. 908.

Philips, P. J.—I. The statement in this case, on which the judgment was rendered, fails to state facts sufficient to constitute a cause of action. It is not averred that the place where the cow went upon the railroad track was where defendant may have inclosed the road with a lawful fence. It is only averred that the road "was not inclosed with a lawful fence." This is not sufficient. *Russell v. Ry. Co.*, 83 Mo. 507. The demurrer to the pleadings and evidence, interposed by defendant, should, therefore, have been sustained.

II. As such defect in the statement is amendable, and would likely be corrected on remanding the cause, it is proper and just to the parties that another question, of controlling importance, raised on this appeal should now be considered and determined.

Appellant contends that as this is an action, in common form, for the recovery of single damages predicated of the negligence of defendant, the doctrine of contributory negligence on the part of the plaintiff is applicable; and that as the only negligence chargeable or claimed against the defendant is its omission to have fenced where it might have fenced, and as the plaintiff

confessedly was acting in violation of a public statute forbidding him to so turn his cow upon the commons, he himself was such wrong doer, contributing directly to his own injury, on principle, he ought not to recover. We confess there is much of justice and reason to support this contention, and it presents a question not free from embarrassment under our statute laws.

Prior to the enactment of the statute of 1883 (Laws of Mo. 1883, pp. 26–28), the law was settled, by repeated decisions, that it was not contributory negligence for the citizen to turn his stock upon the commons in the vicinity of a railroad, although he knew at the time the road was not fenced at that point. *Gorman v. Ry. Co.*, 26 Mo. 441; *Turner v. Ry. Co.*, 78 Mo. 578; *Davis v. Ry. Co.*, 19 Mo. App. 425.

By the act of 1883, *supra*, section one, it is declared to be unlawful for the owner of any animal or animals, of the species of horse, mule, ass, cattle, swine, sheep, or goats, in this state, to permit the same to run at large outside the inclosure of the owner of such stock. The statute authorizes any person, finding such animals running at large, to take them up and restrain them, and they may be treated as strays; and the owner shall be answerable for all damages done to any person by reason of such animals running at large. Section five of the act declares that: "It shall not be necessary for any person to fence against any of the species of domestic animals enumerated in this chapter, and it shall be no defence to any action or proceeding brought or had, that the party taking up such stock did not have his lands inclosed with a lawful fence; but nothing herein contained shall be construed to lessen or interfere with the obligations of the several railroads in this state to fence the right of way of such railroads, as is now provided by law."

This statute, as applied to the state of facts presented in this record, does not seem to have been directly passed upon by the appellate courts of this state. In *Stanley v. Ry. Co.* (84 Mo. 625), the supreme court held that

this stock law, so called, did not apply to an action based
on section 809, Revised Statutes, known as the double
damage section of the railroad law, so as to exempt the
railroad corporation from the double liability imposed
by that section for damages, resulting from its failure to
fence its road, where required. This decision was fol-
lowed by this court in *Morrow v. Ry. Co.* (17 Mo. App.
103).

Aside from other considerations, the law seems to
be that it can make no difference whether the negligence
of the injured party contributed to the injury or not.
Its enforcement concerns the public, in which the viola-
tion of the one statute by the complainant is subordi-
nated to the greater good to result to the public by
enforcing the penalty. *Pittsburg, etc., Ry. Co. v.
Methnen,* 21 O. St. 593; *Trice v. Ry. Co.,* 49 Mo. 440;
*Barnett v. Ry. Co.,* 68 Mo. 62.

The nearest approach to a consideration of the ques-
tion involved by the supreme court of this state is in
*Bowman v. Chicago & Alton Ry. Co.* (85 Mo. 533).
That was an action for single damages. The im-
puted liability of the railroad company sprang from
defendant's violation of an ordinance of the city of
Louisiana, which prohibited railroads from running their
engines and cars, within the corporate limits of the
city, at a greater rate of speed than six miles an hour.
Plaintiff's hog was killed within the corporate limits of
the city, by defendant's train of cars, while the cars
were running at a forbidden speed. Defendant inter-
posed as a defence another ordinance of the city, which
made it unlawful for any hogs to run at large within the
said corporate limits. The evidence showed that the
hog was at large within the city limits when killed.
But plaintiff, in rebuttal, testified that he had his hog
up in a good pen, from which it had escaped without his
knowledge or consent. The supreme court sustained an
instruction to the effect, that defendant was liable, not-
withstanding the hog was so running at large; provided

the jury further believe that the hog was so penned up, and escaped without the knowledge or consent of plaintiff. In support of its holding it cited and relied upon the decisions of the supreme court of Iowa in *Spence v. Ry. Co.* (25 Ia. 139), and *Fritz v. Ry. Co.* (34 Ia. 337); which hold that where a railroad company is liable for injury to swine occurring at a place where the road had failed to fence its line, the fact that swine were prohibited from running at large would not relieve the road, unless it appeared that such injury was occasioned by the wilful act of the owner. By the reference to and approval of the decision of the Iowa court we feel constrained to conclude that the construction placed by that court, in following to its logical conclusion the decision made in *Spence v. Ry. Co.*, upon the purport of the language, the wilful act of the owner, should also be followed. In the latter case of *Krebs v. Ry. Co.* (21 N. W. Rep. 131), the court re-affirm the ruling in the *Spence case*, and hold that the fact of the owner merely permitting his live stock to run at large, is not sufficient proof that the injury was occasioned by the wilful act of the owner. The court say: "This implies something more than mere negligence. It is an act in some way connected with the injury; such as driving the live stock upon the track; as permitting it to escape for the purpose of going upon the track, or the like."

It is observable that in the opinion in the *Bowman case* the supreme court gave no attention to the fact that the decision of the Iowa court is based largely upon the language of the local statute. It is left for us to conclude, therefore, in justice to the court, that it did not regard the phraseology of the Iowa statute as affecting the principle of construction.

It being so held in respect of the purport of the city ordinance of Louisiana, it occurs to us that the reasons for giving a like construction to our statutory provisions are much more cogent and defensible.

Section 809, Revised Statutes, was section forty-

three in the older statutes. Under section forty-three, as is well known to bench and bar in this state, railroad companies were not required absolutely to fence their tracks at all places outside of municipal corporations, stations and public road crossings. They were required to do so only where "the same passes through, along or adjoining inclosed, or cultivated fields, or uninclosed prairie lands."

In the revision of 1879, section 809, the word "prairie" is omitted; so the statute reads: "or uninclosed lands." Under the former section, forty-three, railroads were not required to fence where the road ran through uninclosed timber lands. By section 809, present statute, they must fence where the road passes through uninclosed lands, whether timber or prairie, or otherwise.

As the law stands, railroad companies, in short, are required, under penalty, to inclose their roads with a lawful fence, at all points outside of incorporated towns, except at public road crossings, and about their railroad stations, etc.

It, therefore, occurs to us, since the revision of 1879, that the limited construction given to section five, in what was known as the "damage act" of·the older statute, now section 2124, Revised Statutes, ought not longer to obtain, to the extent, at least, as heretofore. Rules of construction should cease with the reasons that gave them birth. The proviso in section 2124, that it shall not apply "to any accident occurring on any part of such road that may be inclosed by a lawful fence, or in the crossing of any public highway," has been held as merely designed to furnish an inducement to the railroad to fence their tracks where the law had not deemed it necessary to compel them to do so. *Tiarks v. Ry. Co.,* 58 Mo. 50. As the statute now stands there is no place, at least outside of incorporated towns and cities, as when section five of the old "damage act" was enacted, where the roads may fence, where they are not also required to fence. This being so, it is not easy to conceive

of an instance in which a party may recover single damages under section 2124 based, as this case is, on an injury occasioned outside of such municipal corporation, where he could not recover double damages under section 809.

Unquestionably a party may now sue for single damages, as heretofore, under section 2124; and the same proof, as heretofore, will enable him to recover.

In this view of the statute we encounter no difficulty in applying the proviso contained in section five of the stock law of 1883 to this action, where the injury occurred at a point where the defendant is required to erect and maintain a fence. By the proviso the stock law shall not be construed to lessen or interfere with the obligations of the several railroads in this state to fence the right of way of such railroads, as is now provided by law.

When the act of 1883 became a law it was provided by statute (section 809, General Statutes), that this defendant should enclose its road at the point where this injury occurred. In not so fencing it neglected a public duty, and exposed itself to an action for damages resulting therefrom; and, therefore, the imputed negligence was established by proving the point of injury, and the absence of such fence; and the act of 1883 constitutes no defence.

We feel the more persuaded to this view since the supreme court have held that the stock law of 1883 does not prevent a recovery under section 809, Revised Statutes. For if it should be held that the act of 1883 applied to actions brought under section 2124, Revised Statutes, the ruling would involve, it seems to us, the grossest absurdity, in giving the citizen, violating the statute of 1883 by turning his animals at large, double the value of it when he sues under section 809, and nothing when he sues under section 2124. Such a rule would well be calculated to excite wonder, if not deserved ridicule. It certainly is not to the interest of the railroads that suitors should be compelled by such construc-

tion to bring their actions under the double liability section rather than the one giving single damages.

For the defect in the statement, the judgment of the circuit court is reversed, and the cause remanded. All concur.