KREBS v. THE MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

1. **Railroads**: WANT OF FENCE: INJURY TO STOCK UNLAWFULLY AT LARGE. Where the plaintiff's horse was at large in the night-time on the premises of another, in violation of the night herd law, which was then in force in the county, and was killed by the defendant's train, without fault or negligence of defendant, at a point where it had the right to fence, but did not, *held* that defendant was liable, under section 1289 of the Code, for the value of the horse, in the absence of any showing that the plaintiff, by any willful act, contributed to the injury. Compare *Spence v. C. & N. W. R'y Co.*, 25 Iowa, 139.

*Appeal from Webster Circuit Court.*

FRIDAY, OCTOBER 24.

THIS is an action to recover the value of a horse, the property of plaintiff, which it is alleged was killed by one of defendant's trains. There was a trial by the court, and judgment for the plaintiff. Defendant appeals.

*A. E. Clark*, for appellant.

*R. M. Wright*, for appellee.

ROTHROCK, CH. J.—The amount in controversy is less than one hundred dollars, and the circuit court certified the following question for the opinion of this court:

"Where the plaintiff's horse was at large in the night-time, on the premises of another, in violation of the night herd law, which was then in force in said county, and was killed by the defendant's train, without fault or negligence of defendant, at a point where the defendant had a right to fence, but did not, is the defendant liable for the value of the horse. In other words, what is desired is a construction of section 1289 of the Code of 1873 as to the liability of railroad companies, in the absence of any willful act of the owner of the stock contributing to the injury."

By section 6 of chapter 169 of the Acts of the Ninth General Assembly, it was provided that "any railroad corporation hereafter running or operating its road in this state, and failing to fence such road on either or both sides thereof against stock running at large, at all points where said roads have the right to fence, shall be absolutely liable to the owner (of) any live stock injured, killed or destroyed by reason of the want of such fence or fences as aforesaid, for the value of the property so injured, killed or destroyed, unless the injury complained of is occasioned by the willful act of the owner or his agent, and, in the cases contemplated by this section, in order to recover, it shall only be necessary for the owner to prove the injury or destruction complained of."

In the case of *Spence v. C. & N. W. R'y Co.*, 25 Iowa, 139, it was held that, under the statute above cited, a railroad company was liable for swine killed upon its track while running at large at a point where the company had the right, but neglected, to fence its road, although such swine were prohibited from running at large by a vote of the legal voters of the county where the injury occurred,—it not having been shown that the injury was occasioned by the willful act of the owner or his agent.

This statute was incorporated into the Code, as section 1289, and the only change made therein is, that the word *absolutely* is omitted from the clause declaring the liability; and it is contended by counsel for appellant that, by reason of this omission, the case of *Spence v. Railroad Company*, and other cases following it, are not now the law of this state. An examination of the cited case will show that the decision is not wholly based upon the absolute liability clause. The further provision that there shall be such liability, unless the injury is "occasioned by the willful act of the owner or his agent," is an important element in the statute and in the decision. That provision is retained in the Code, and the liability is the same as under the former statute, unless it can be properly held that, where the owner merely permits his

live stock to run at large, the night herd law being in force, and they are killed or injured by a train, the injury is occasioned "by the willful act of the owner."

We think it is very plain that, under the statute as now in force, no such a construction can be placed upon it. It excludes all defenses, except such as arise from "the willful act of the owner." This implies something more than mere negligence. It is an act in some way connected with the injury, such as driving the live stock upon the track, or permitting it to escape for the purpose of going upon the track, or the like.

Appellant's counsel relies upon the case of *Pittsburgh, Fort Wayne & Chicago R'y Co. v. Methven*, 21 Ohio St., 586, and *The Kansas Pacific R'y Co. v. Landis*, 24 Kansas, 406, which are claimed to be directly in point, in appellant's favor. If the statutes under which those cases were determined were the same as the statute of this state, the claim of counsel would be well founded. But the clause above cited, and which we hold excludes defenses based upon the mere negligence of the owner of the stock, is not to be found in the statute of Ohio or Kansas. We think the circuit court did not err in holding the defendant liable.

Affirmed.