Rose v. The Chicago & Northwestern R'y Co.

1. **Railroads:** FIRES FROM ENGINES: PLEADING: NEGLIGENCE. When damage is done by fire from a railroad locomotive, negligence is presumed, under § 1289 of the Code; (See *Small v. Chicago, R. I. & P. R'y Co.*, 50 Iowa, 341;) and in an action to recover such damage it is not necessary to allege that the company was negligent.

### Appeal from Keokuk District Court.

### FRIDAY, OCTOBER 14.

ACTION to recover for burning a rick of hay and some fences. The action was brought before a justice of the peace, and judgment was rendered for the plaintiff. The defendant appealed to the district court, and, by direction of

the court, a verdict was rendered for the defendant. The plaintiff appeals.

*Sampson & Brown*, for appellant.

*Hubbard, Clark & Dawley*, for appellee.

ADAMS, CH. J.—The case comes to us upon a certificate. It is not necessary to set out the certificate *verbatim.* The action was brought without filing a petition, and the notice claimed damages for the property " burned by fire from an engine of the company," and without the words " by reason of the negligence of the company," or words equivalent thereto. The question certified is as to whether it is necessary to aver the negligence of the company as a ground of recovery in such case. In answer to such question, we have to say that we do not think that such averment is necessary. The action is brought under a statute which provides that any corporation operating a railway shall be liable for all damages by fire that is set out or caused by operating of any such railway. (Code, § 1289.) Under the ruling in *Small v. Chicago, R. I. & P. R'y Co.,* 50 Iowa, 341, the negligence of the company is presumed if the fire proceeded from one of its engines, and it is not necessary for the plaintiff in the first instance to prove more than the fact that it did so proceed. We think that the averments need not be greater than the required proof.

REVERSED.