# WEST v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

1. **Railroads:** FIRES FROM ENGINES: RULE OF CONTRIBUTORY NEG-LIGENCE DOES NOT APPLY. In an action against a railroad company for damages caused by fire set out on its right of way by an engine, the defendant cannot escape liability for its own negligence, even though it appears that the plaintiff was negligent also, and that his negligence contributed to the loss. Under section 1289 of the Code, the doctrine of contributory negligence does not apply. (*Small v. Railway Co.*, 58 Iowa, 338, *distinguished*.) This point was affirmed upon a rehearing.

2. ———: ———: INSTRUCTION AS TO EVIDENCE. In such case the court instructed: "If you find from the evidence that the engine which set out the fire set out several successive fires on the same day and same trip, this should be regarded as evidence that the engine was not properly constructed, or in good repair, or was improperly used." *Held* that it was not open to the objection that it went too far in instructing as to the effect of the evidence; nor to the objection that it referred to "several" successive fires,—since the evidence showed that there were two besides the one complained of; nor to the objection that the court erred in singling out this evidence, and thus giving it emphasis,—although the practice of so doing is ordinarily not to be commended.

3. ———: ———: OWNERSHIP OF BURNED HAY: EVIDENCE. Where in such action the property burned was stacks of hay, and the evidence was conflicting as to whether plaintiff was the sole owner of it; it was the duty of the jury to determine the conflict and render a verdict, though there might be some doubt about it; and an instruction that the plaintiff could not recover if the evidence left that question in doubt was properly refused.

4. **INSTRUCTIONS:** REFUSAL: ERROR WITHOUT PREJUDICE. The refusal to give an instruction, which in a strained but conceivable view of the case ought to have been given, is not reversible error. The court may trust somewhat to the common sense of the jurors.

*Appeal from Cedar District Court.*

FILED, DECEMBER 13, 1887.

ACTION to recover for damages sustained by a fire alleged to have been set out by the defendant in the operation of its road. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Hubbard, Clark & Dawley*, for appellant.

*Piatt & Carr* and *Charles E. Wheeler*, for appellee.

ADAMS, C. J.—I.   The court gave an instruction in these words: "You will determine from the evidence whether the defendant permitted such an accumulation of dry grass and weeds and other combustible matter within its right of way, exposed to ignition by their engines, as would be permitted or done by an ordinarily prudent man upon his own premises, if .exposed to the same hazard from fire as an accumulation of dry grass and weeds upon the right of way of the defendant.   If you find that the defendant in this respect acted as an ordinarily careful and prudent man would have done under the same circumstances, then it is not in law guilty of negligence in thus acting.   But if the evidence fully satisfies you that the defendant did in fact permit such an accumulation of combustible matter, as above mentioned, upon its right of way, as would not have been permitted by an ordinarily prudent man upon his own premises, if exposed to the same hazard from fire escaped from an engine operated by the defendant setting fire to the accumulated grass and weeds within the right of way of the defendant's road, in consequence of which the plaintiff's property was destroyed, then the defendant is liable."   The defendant assigns the giving of this instruction as error.   It is insisted that there is no evidence that the fire started in the right of way, and no evidence even that there was combustible material there.   We think that the testimony of Jasper West and Rosa West tended to show that the fire started in the right of way.   The former said: "When I got there it was half way between the track and the fence."   It is true that he said that when he first saw it he could not tell where it was; but he was not at the right of way when he first saw the fire, but afterwards went there. Now if the fire caught in the right of way, that fact of itself would be some evidence that there was combustible material there.

One other question may be disposed of in connection with the instruction above set out, though the question is raised under an instruction asked by the defendant, and refused. The property burned consisted of stacks of hay. The plaintiff had not plowed around them, and the defendant averred that he was guilty of negligence in not so doing. The evidence was such that we think that the jury might have so found. The instruction above set out made the defendant liable, if negligent, regardless of the question of the plaintiff's negligence. We have, then, the question as to whether, in a case of this kind, arising under the statute (Code, sec. 1289), the defendant can escape liability for its own negligence, if it appears that the plaintiff was negligent also, and that his negligence contributed to the loss. The defendant contends that it can. It may be conceded that, prior to the statute, contributory negligence on the part of the plaintiff in a case like this would defeat his recovery. *Kesee v. Chicago & N. W. Ry. Co.*, 30 Iowa, 78. But the statute, we think, changes the rule. It is doubtful, indeed, whether even at common law the preponderance of authority is not against the ruling in the case above cited; but it is not material to inquire whether this is so or not. The statute, we think, was designed to settle a vexed question upon which the courts had been divided. The language used is clear. In construing the statute in *Small v. Chicago, R. I. & P. Ry. Co.*, 50 Iowa, 338, a minority of the court thought that the company could not escape liability in any way, not even by showing itself free from negligence, and that the loss was due wholly to the negligence of the plaintiff. We are now asked to go an important step further than the majority went in that case. In our opinion, we should not be justified in doing so. It is claimed that language was used by way of argument, in the opinion in *Small's case*, inconsistent with the liability of the company for setting out fires where the plaintiff was guilty of contributory

1. RAILROADS: fires from engines: rule of contributory negligence does not apply.

West v. The Chicago & N. W. Ry. Co.

negligence; but what was said was said by way of argument against the liability of the company, as claimed by plaintiff, where the loss occurred solely through the plaintiff's negligence.

II. The court gave an instruction in these words: "If you find from the evidence that the engine which set out the fire in question set out several successive fires on the same day and same trip, this should be regarded as evidence that the engine was not properly constructed or in good repair, or was improperly used." The giving of this instruction is assigned as error. The defendant insists that the court went too far in saying that the jury should regard the fact of setting out other fires as negligence. It contends that the rule is that the jury are at liberty to regard it as evidence. Its argument is that it was shown that the season was unusually dry, and that the jury should have been at liberty to attribute wholly to the dryness of the season the fact that other fires were set out. We have to say, however, that we do not think that the instruction is open to the objection made. Whatever is admitted as evidence should be regarded by the jury as evidence. This is not inconsistent with the fact that they may regard it as overcome or explained away by other evidence.

2. ——: ——: instruction as to evidence.

It is further urged as an objection to the instruction that it assumes that the jury might find that there were several successive fires set out by the engine on that trip, whereas it is said that there were only two, and that two is not several. It may be conceded that "several" means more than "two;" but we think that the evidence showed that there were two besides the one which did the injury, and it is claimed by the plaintiff that there was evidence tending to show that there were more than that.

It is further urged as an objection to the instruction that the court had no right to single out this evidence, and instruct upon it, and give it additional emphasis by so doing. But we cannot reverse because the court told the jury that they should regard as evidence what

in fact is evidence, and what the jury must necessarily regard as such. The practice of emphasizing evidence by an instruction is not, we think, as a rule to be commended. Sometimes, doubtless, the court may properly call the attention of the jury to evidence which is obscure and might escape their attention. The court should exercise a wise discretion in this matter; and we think that this is all that can properly be said.

III. There was evidence tending to show that the plaintiff was not the sole owner of the hay burned. As applicable to this point the defendant asked an instruction as follows: "The plaintiff cannot recover in this action for the stacks burned, because the evidence does not show definitely what his interest in the hay was, and verdicts cannot be based upon guess work, but must have evidence to sustain them. If you find that the evidence does not show what the plaintiff's interest in the stacks was, but leaves the same in doubt, then he cannot recover anything for the stacks." The court refused to so instruct, and the defendant assigns the refusal as error. While there was evidence tending to show that the plaintiff was not the sole owner, there was other evidence tending to show that he was. Now, it was for the jury to reconcile this evidence as best they could, and render a verdict upon it, notwithstanding there might be some doubt about it. We think that the instruction was properly refused.

*3. ——: ——: ownership of burned hay: evidence.*

IV. The defendant asked an instruction in these words: "The burden of proving that the fire started on the defendant's right of way is upon the plaintiff, and he cannot recover on the ground that the defendant was negligent in regard to its right of way, unless he affirmatively shows by a preponderance of the evidence that the fire started on said right of way." The court refused to give this instruction, and the defendant assigns the refusal as error. It seems possible, under the evidence, that the defendant was negligent in leaving combustible material on the right of way, and yet that the fire did not originate there, and that the combustible material had nothing to

*4. INSTRUCTIONS: refusal: error without prejudice.*

do with the loss.    But the danger that the jury might find the defendant liable in such case by reason of the combustible matter was not, we think, such as to render it reversible error to refuse the instruction.    The court might trust somewhat to the common sense of the jurors. We see no error in any of the rulings.

AFFIRMED.

## OPINION ON REHEARING.

### FILED, MAY 24, 1889.

BECK, J.—I.    A rehearing was granted in this case upon the petition of defendant.    The question upon which we desired further argument is whether the rule of contributory negligence is applicable to cases wherein railroad companies are liable under the statutes for fires set out in the operation of their railroads.    Upon the other questions in the case we had no doubt, and did not order the rehearing to gain more light upon them. We need not further discuss them.    The foregoing opinion is criticised for the course of its argument, rather than assailed because of its conclusions.    What is said as to the purpose of the statute "to settle a vexed question upon which the courts had been divided" may or may not be accurate.    But it is very true that the statute was intended to prescribe a rule of law.    Whether there had been contests as to the prior rules recognized by the courts will not determine the construction of the statute.    The statute imposes an absolute liability upon railroad corporations, without regard to their negligence, or the contributory negligence of the person injured. This court has no right to interpolate words in the statute which limit that liability to cases wherein the injured person does not contribute to the injury by his own negligence.    Surely, the language of the statute, without interpretation, will admit of no such construction.    But it is said that this court has held in *Small v. Railway Co.*, 50 Iowa, 338, that the railroad company is

not liable, if it shows affirmatively that it was not guilty of negligence. It does not follow that because this court has gone so far it must go still farther, and limit the liability on another ground, namely, the contributory negligence of the person injured. There is an obvious distinction between the limit fixed by *Small v. Railway Co.* and the limit proposed in this case. In the first, it is a limit fixed by proof of want of negligence; in the other, it is a limit fixed by proof of contributory negligence. It may be well to hold that one who is not negligent should not be liable; but it is absurd to say that under this statute, fixing absolute liability, the fault of the railroad company being shown or being presumed, it is not liable because of the fault of the plaintiff. It will be seen that, as is said in the foregoing opinion, we are asked to take a step far in advance of *Small v. Railway Co.*

It cannot be said that the doctrine of contributory negligence is founded upon the rule that one wrong-doer cannot recover of another engaged with him in the commission of the wrong for injuries resulting therefrom. It cannot be said that defendant and plaintiff, both being negligent, united in the commission of the wrong. The defendant's negligence was positive,—active. The plaintiff's was negative, and consisted in a failure to exercise due care to prevent injuries from defendant's negligence. The reasons demanding the rule recognized in *Small v. Railway Co.* do not demand that the rule of contributory negligence be extended to this case. In our opinion the cases cited by counsel for defendant do not support his contention that the doctrine of contributory negligence should be applied in this case. We adhere to the foregoing opinion.

AFFIRMED.