## ENGLE v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

1. **Railroads:** NEGLIGENT FIRES · PRESUMPTION OF LIABILITY: PLEADING AND PROOF. When an injury has been occasioned by fire set out in the operation of a railroad, the presumption is that the company is guilty of negligence (Code, sec. 1289; *Small v. Railway Co.*, 50 Iowa, 338); or, in other words, that it is liable for the injury. Hence, in an action to recover for such injury, it is only necessary to allege and prove the injury and that it was caused by a fire so set out. And an allegation of negligence in the petition is merely redundant matter, and need not be proved. (Code, sec. 2729.) And after plaintiff has so alleged and proved, it is incumbent on the defendant not only to show want of negligence on its part in the operation of its road, but also in the matters which were the immediate cause of the injury,— as, for example, in keeping its right of way free from dry grass, in which the fire in this case started.

2. ——— : ——— : CONTRIBUTORY NEGLIGENCE: INSTRUCTION. In an action to recover for an injury caused by a fire set out by a locomotive, the court instructed as follows: "If plaintiff's own negligence directly and proximately contributed to his own injuries, then he cannot recover; but, in order to defeat his right of recovery, there must be such contributory negligence on his part as directly and proximately contributed to produce the injuries, and without which his loss would not have been sustained." *Held* that, while the last clause of the instruction may not express the rule as settled by the holdings of this court, it could not have prejudiced defendant, since it was held in *West v. Railway Co.*, *ante*, p. 654, that, under section 1289 of the Code, the right of recovery in a case of this kind would not be defeated by the mere contributory negligence of the injured party.

3. ——— : ——— : DEGREE OF CARE REQUIRED: INSTRUCTIONS. The presumption of law, that where an injury is done by a fire set out in the operation of a railway the company is guilty of negligence, is overcome by proof that the company was in the exercise of ordinary care and diligence; and although from one clause of an instruction the jury might have inferred that the company was liable for the consequences of but slight negligence, yet where the whole taken together expressed the correct rule, and it was clearly set forth again in another instruction, the clause referred to is no ground for a reversal.

*Appeal from Cedar Rapids Superior Court.*—HON. JOHN T. STONEMAN, Judge.

FILED, MARCH 9, 1888.

ACTION to recover the value of certain property, which was destroyed by a fire set, as is alleged, by the operation of defendant's railway. Judgment for plaintiff, and defendant appeals.

*Mills & Keeler*, for appellant.

*B. F. Heins* and *Smith & Powell*, for appellee.

REED, J.—I. It is alleged in the petition that defendant negligently permitted a large amount of dry grass and herbage to accumulate and remain in its right of way, and that fire was communicated to the same from a locomotive which was being run upon the track, and that the fire set out spread upon plaintiff's premises and destroyed the property in question. It is also averred that defendant was guilty of negligence in the operation of its road, whereby the fire was set out and the property destroyed. On the trial, plaintiff proved the destruction of his property by fire, and the amount of his damages. He also introduced evidence tending to prove that the fire, which caused the damage, was set out by a locomotive and train of cars, which passed upon defendant's railway shortly before the fire was discovered. He then rested, and defendant introduced evidence which tended to prove that the locomotive which it was claimed set out the fire was equipped with such appliances for preventing the escape of fire as were in general use by the railroads of the country, and that the same were in good state of repair, and that it was operated in a skilful and careful manner. Plaintiff was then permitted, against defendant's objection, to introduce evidence tending to prove that the locomotive had set out a number of other fires on the same trip; also that there was an accumulation of dry grass and herbage on the right of way at the point where the fire started, and that it originated in that material. The superior court also instructed the jury that plaintiff was required, in making out his case originally, to prove the

*1. RAILROADS : negligent fires : presumption of liability : pleading and proof.*

injury and damage alleged, and that the fire which caused it was set out by defendant in the operation of its railroad, and that, if he had established those facts, the burden was cast upon defendant to show that it was not guilty of negligence or want of ordinary care in the matter. These rulings were assigned as error, and it was contended (1) that plaintiff, having alleged that defendant was guilty of negligence, in permitting the combustible material to accumulate and remain on the right of way, and in the operation of its locomotive, he voluntarily assumed the burden of proving that allegation ; and (2) if defendant's only negligence consisted in permitting the combustible material to accumulate and remain on the right of way, which the jury might have found under the evidence, as such negligence did not pertain to the operation of the road, the burden of proving it was upon plaintiff; the position of counsel being that the presumption of negligence, which arises from the occurrence of the fire, relates only to the operation of the road; and hence it is contended that the court erred, both in permitting plaintiff to introduce evidence to establish that averment for the first time in rebuttal, and in the instructions given. But, in our opinion, neither of these positions is correct.

When an injury has been occasioned by fire set out in the operation of a railroad, the presumption is that the corporation operating the railroad was guilty of negligence. Code, sec. 1289; *Small v. Railway Co.*, 50 Iowa, 338. As, therefore, the occurrence of the injury is made *prima-facie* evidence of negligence, it is sufficient for the plaintiff in such cases to set forth simply its occurrence in his pleading. The allegation of negligence in plaintiff's petition was therefore redundant; for proof by him of such negligence was not essential to his right of recovery, and the fact that his pleading contained an unnecessary averment does not change the rule as to the *quantum* of proof he is required to make. "A party shall not be compelled to prove more than is necessary to entitle him to the relief asked for." Code, sec. 2729. The presumption which arises, upon proof of

the occurrence of the injury is, in effect, a presumption of liability; for the ground of liability is the negligence of the party whose act caused the injury; and to say that a presumption of negligence arises upon proof of the occurrence of the injury is in effect but to say that the party is presumptively liable for the injury. The presumption which arises, then, under the statute, is a presumption of liability on the part of a railroad company for the damages caused by fire set out by it in the operation of its railroad; and it is manifest that such presumption is not necessarily overcome by the proof merely that the company was not negligent in the operation of the road; for if the fire was set out in the operation of the road, but the injury was occasioned by its negligence in some matter not pertaining to its operation, still it is liable. And, as the presumption of liability arises on proof of the injury, it can be overcome only by proof that the company was not guilty of negligence in the matters which were the immediate cause of the injury.

II. It was shown that plaintiff had taken no precautions to protect his property from fire which might be set out by defendant in the operation of its road, and it was claimed that, for that reason, he was guilty of contributory negligence, and consequently could not recover for the injury. The superior court gave the following instruction as applicable to this branch of the case : "If plaintiff's own negligence directly and proximately contributed to his own injuries, then he cannot recover; but, in order to defeat his right to recover, there must be such contributory negligence on his part as directly and proximately contributed to produce the injuries, and without which his loss would not have been sustained." Exception is taken to the last clause of the instruction; and it may be conceded that the language of the clause does not express the rule on the subject as settled by the holdings of this court; but in *West v. Railway Co.*, *ante*, p. 654, we held that, under the statute (Code, sec. 1289), the right of recovery in a case of this kind

*2. ——: ——:*
*contributory*
*negligence:*
*instruction.*

Engle v. The Chicago, M. & St. P. Ry. Co.

would not be defeated by the mere contributory negligence of the injured party. Under that holding, defendant could not have been prejudiced by the instruction in question.

III. The superior court gave the following instruction, to which exception is taken: "In order for the defendant to escape from the liability to pay the plaintiff's damages, as set out in the preceding instruction, it is incumbent on the defendant to establish, by preponderance of the evidence, either one or both of the following propositions: * * * (2) *That the defendant was in nowise negligent or in fault* in setting out or causing the *fire which destroyed plaintiff's property*, and, so far as causing said fire was concerned, it operated its railway in a reasonably careful and prudent manner." The exception taken to the instruction is that, by the italicized language, defendant is held liable for the consequence of but slight negligence, whereas the rule is that it is held to ordinary care and diligence in the matter complained of. If the italicized portion of the instruction was to be considered alone, perhaps it could be said to be vulnerable to the objection urged. But, when the whole instruction is considered, it expresses the rule as claimed by counsel. And, in a subsequent instruction, the jury were explicitly directed that the presumption, which arises on proof of the occurrence of the injury, would be overcome by proof that defendant was in the exercise of ordinary care and diligence at the time the fire was set out. With this explicit direction before them, we think the jury could not have been misled by the language excepted to.

Exceptions are taken to other rulings of the court on the trial, but we do not regard the questions raised as of controlling importance, and, without setting them out, we deem it sufficient to say that the rulings appear to us to be correct. The judgment will be

AFFIRMED.

OPINION ON REHEARING.

FILED, MAY 24, 1889.

GRANGER, J.—An important point in this case, touching the question of contributory negligence, was ruled on the authority of *West v. Railway Co., ante,* p. 654. In that case a rehearing was granted for the purpose of further considering the question of contributory negligence in this class of cases. The rehearing in this case was granted with no other view than to further consider that question. At this term an opinion is filed in that case (*ante,* p. 659) adhering to the former opinion, and, as a result, the judgment in this case must, as before announced, be                     AFFIRMED.