## MOODY v. THE MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

**Railroads:** COW KILLED ON TRACK: WILFUL ACT OF OWNER: CODE, SEC. 1289. Plaintiff's cow, being at large, was on defendant's unfenced track. Defendant's employes on an approaching train rang the bell, sounded the whistle, applied the brakes, and did all in their power to stop the train and prevent a collision with the cow, but were unable to do so. Plaintiff was present and saw the condition of things, and had the time and ability to drive the cow from the track, and thus prevent the collision and the consequent death of the cow, but he made no effort to do so. *Held,* that the death of the cow was "occasioned by the wilful act of the owner" within the meaning of section 1289 of the Code, and that he could not recover of the company.

*Appeal from Boone District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, JANUARY 25, 1889.

ACTION to recover double the value of a cow, which was killed by defendant in the operation of its railway, at a point where it had the right to fence its track, but where it had neglected to maintain a fence. Judgment for plaintiff. Defendant appeals.

*Albert E. Clarke,* for appellant.

*Robert A. Lowry,* for appellee.

REED, C. J.—The cause came into this court on the following certificate of the trial judge : " Plaintiff's cow, being at large in the vicinity of defendant's unfenced track, strayed upon the track. Defendant's employes rang the bell, sounded the whistle, applied the brakes, and did all in their power to stop the train, but failed to stop the train, before it struck the cow. Plaintiff, being present, and having the ability to prevent the accident by driving the cow from the track, and having ample time to do so, (speed having been reduced to about two miles per hour), wilfully neglected and refused to take any steps or to do any act to drive said cow from the tract, and wilfully permitted the cow to remain on defendant's track, in front of the engine, and to be run down thereby, and said cow was run down and killed, without fault or negligence on part of defendant's employes in charge of the train. *First Question.* Was the plaintiff's loss due to his wilful act, within the meaning of section 1289 of the Code, which prevents recovery when the loss is occasioned by the wilful act of the owner of stock killed ? *Second Question.* Does section 1289 operate to make a railroad company absolutely liable for the value of the stock killed by reason of the want of a fence, in cases where the owner had the power to prevent the injury, but wilfully refused to exercise such power ?"

That portion of section 1289 necessary to be considered in determining the questions certified is as follows : "Any corporation operating a railway, that fails

to fence the same against live stock running at large at all points where such right to fence exists, shall be liable to the owner of any such stock injured or killed by reason of the want of such fence for the value of the property or damage caused, *unless the same was occasioned by the wilful act of the owner or his agent.*" Many causes arising under this provision have been adjudicated in this court. In *Krebs v. Minneapolis & St. L. Ry. Co.*, 64 Iowa, 670, a construction was given to the clause printed above in italics. It was held that the language of the provision implies something more than mere negligence on the part of the owner of the stock, and that to defeat a recovery he must have been guilty of some act immediately connected with the injury ; such as driving the stock upon the track, or the like. Merely permitting it to run at large in violation of a police regulation, or pasturing it upon lands adjoining the unfenced track with knowledge of the danger to which it would be exposed, does not have that effect. But in the present case plaintiff knew that his animal had gone upon the track, and had the opportunity and power to prevent the injury, but wilfully refused to exercise that power. He knew of the efforts made by the train-men to prevent the collision, but wilfully refused to do anything to aid them, although he had the ability to prevent it. His act, it appears to us, should be regarded as a wilful act, "connected with the injury," and contributing to it. It does not differ in degree merely from the act of grazing his stock upon lands adjoining the unfenced track, but it is of a different quality. It was not an act of negligence merely, but was a positive wrong. The statute was intended for the protection of the persons and property carried upon railways from the dangers incident to collisions with stock upon the track, as well as to afford the owners of animals killed or damaged thereby a remedy for the injury. The act of standing by and wilfully refusing to make any effort to prevent such an injury, when by reasonable effort, within the power of the party to make,

it might have been prevented, when the possible consequence of the collision to life and property are considered, is bad in morals, and it ought in law to defeat all right of recovery in the party who commits it. It has often been held by this court that a party cannot recover for an injury caused by the negligence or wrong of another, if by the exercise of reasonable care on his part he might have avoided it. *Raridon v. Cent. Iowa Ry. Co.*, 65 Iowa, 640, and 69 Iowa, 527. The rule, as applicable to an injury to stock occasioned by the want of a fence, is modified to some extent, doubtless, by the statute. But there is nothing either in the language of the statute or the nature of the case requiring the courts to hold that it does not apply to the state of facts set out in the certificate. We are of the opinion, therefore, that the first question should be answered in the affirmative ; and upon the facts disclosed in the certificate the second should be answered in the negative.

REVERSED.