EDWARD S. FERNALD *vs.* AULICK PALMER.

Hancock.   Opinion March 28, 1891.

</div>

*Way. Damages. Estoppel. Assignment. R. S., c. 18, §§ 14, 18, 40; 1841, c. 25, § 31; 1857, c. 3.*

Damages for land taken for a private way are to be paid by the person at whose request, and for whose benefit, the way is laid out.

When a private way has been laid out for such petitioner, and has been used by him, he is estopped from denying the regularity of the proceedings in such

laying out, in an action by the land owner to recover the awarded damages. It is no defense to such an action that the land owner has assigned his claim to third parties.

FACTS AGREED.

The case is stated in the opinion.

*Wiswell, King and Peters*, for plaintiff.

Sufficiency of description of way : *State* v. *Beeman*, 35 Maine, p. 246 ; Bolster's Town Officer ; *Jones* v. *Portland*, 57 Maine, 42 ; *Packard* v. *Co. Com.* 80 *Id.* 43, and cases cited ; *Cassidy* v. *Bangor*, 61 Maine, p. 439.

*W. P. Foster*, for defendant.

Sufficiency of notice : *Harlow* v. *Pike*, 3 Maine, 438 ; *Howard* v. *Hutchinson*, 10 *Id.* 335.   Certainty of award : *Colcord* v. *Fletcher*, 50 Maine, 398 ; *Lincoln* v. *Whittenton*, 12 Met. 31.

EMERY, J.   Fernald, the plaintiff, was the owner of a parcel of land in Eden, lying between the public road (a town road) and a parcel of land belonging to Palmer, the defendant. Palmer's land lay between Fernald's land and the sea.   In passing and repassing from his land to said public or town road, Palmer had used a roadway across Fernald's said land.   The land of Palmer was the only land at that end of the roadway, as beyond his land was the sea.

In 1886, Palmer, (other citizens of the town joining with him,) petitioned the municipal officers of the town to lay out under the statute, "a private way from land of Aulick Palmer to the town road."   The municipal officers gave notice of this application as one for "a private way for the use of Aulick Palmer," and in the notice described the way as "beginning at the land of said Palmer, and ending at the town way," &c., and appointed their meeting at Palmer's house.   On the day appointed, they met at that house, and after hearing and inspection, adjudged that the way was proper, and laid it out across the plaintiff's land over the former roadway, as "a private way for the use of Aulick Palmer as proposed," and assessed the damages of the plaintiff at sixty dollars, to be paid by the defendant, Aulick Palmer. They made a report of their doings, filed it with the town clerk,

and called a town meeting to see if the town would accept "a private way as laid out by the selectmen, beginning on the line between land of Aulick Palmer and land of E. S. Fernald, and ending at the town road near Otter Creek." At the meeting, the town voted "that the private way for Aulick Palmer at Otter Creek as laid out by the selectmen be accepted."

This was the end of the proceedings. No appeal was taken by either party on any question. Since these proceedings, Palmer has used the road so laid out, as the road from his land to the public road. It has also been used by others, but presumably only as they had occasion to go to Palmer's land. In 1889, Fernald made the statute demand on Palmer for the damages awarded which remained unpaid, and after thirty days began this action of debt under R. S., c. 18, § 40, to recover the awarded damages. The case was then reported to the law court for determination upon a statement of facts of which the foregoing is an abridgement.

The defendant, Palmer, now interposes several objections to paying the awarded compensation.

1. Because the petition did not state that the way was to be for the benefit of Aulick Palmer, but did state that it, "would be of great public convenience for the use of said town." The petition was in the following words. "Humbly shows the undersigned, that a private way from the land of Aulick Palmer to the town way, . . . would be of great public convenience for the use of said town. Wherefore your petitioners pray that the same may be duly laid out, as by statute is provided." Aulick Palmer was the first signer. He now argues that by the statute, R. S., c. 18, § 18, damages can only be awarded against "those for whose benefit it (the way) is stated in the petition to be,"—in this case, the town,— and hence no award could be made against him under this petition, as it is not stated therein that the way is for his benefit.

The statute cited says : "The damages for a town way shall be paid by the town ; for a private way by those for whose benefit it is stated in the petition to be, or wholly or partly by the town if, under an article in the warrant to that effect, it so

votes at the meeting accepting such private way." The original statute as condensed in R. S., 1841, c. 25, § 31, provided that damages for laying out a way by the selectmen, "shall be paid by the town, if it is a town way, which fact the selectmen shall determine; but if it be a private way, by the person for whose benefit it is laid out." By that statute it was plainly enacted that the fact of the benefit, and not the allegation of it in the petition, determined who should pay the damages for a private way. By statute of 1857, c. 3, it was provided that towns might, under a proper warrant, vote to pay all or part of the damages for a private way. In the revision of 1857, first appears the phraseology of the present statute, that damages "for a private way shall be paid by the person for whose benefit it is alleged in the petition to be."

It is evident that, under this statute, the town cannot be held for payment of damages for laying out this way. The selectmen determined it was not a town way. The selectmen did not lay out, nor undertake to lay out, a town way. The town did not accept a town way, nor did it vote to pay any damages, for a private way. The way was asked for as a private way,— was laid out as a private way,— was accepted as a private way. It was unmistakably and undeniably asked for, laid out, and accepted for the benefit of Aulick Palmer. The town has not voted to pay any part of the damages sustained by Fernald, and hence Fernald has no claim on the town. He should have compensation, however, for the land taken from him, and he should in natural justice have that compensation from the person on whose petition and for whose benefit in fact, the land was taken. This was the evident intent of the original statute, and we do not think that the change of phraseology, in the revision, should be construed to abridge the rights of the land owner to compensation, or make them dependent on the words, the petitioner for a private way chooses to use or omit in his petition. We think the statute still means that damages for a private way shall be paid by the person at whose request, and for whose benefit in fact, the way is laid out, unless the town shall properly vote to assume the burden; and we do not think the

statute enables such person to avoid that duty, by any allegations or omissions in his petition.

It would seem clear, therefore, that if this way was legally and effectually laid out, it is a private way for the benefit of Aulick Palmer, and that the damages should be paid by him. The defendant, however, insists that the way is a town way, or no way at all. He insists that it is a town way, because the petitioners in their petition, allege that "a private way, &c., would be of great public convenience for the use of the town." Private ways are often of public convenience, as a private way to a hotel, or a wharf, or mill, but that does not make them technical town roads. A perusal of the proceedings will make it clear that no town way was laid out.

If not a town way, the defendant insists that no private way could lawfully be laid out under this petition since it does not state the person for whose benefit it was to be, and hence there is no lawful claim for damages.

The petition for a private way should now undoubtedly state in terms and truly, the person for whose benefit the way is to be, and the municipal officers, perhaps, might properly decline to proceed without such a statement in the petition. Perhaps they should decline ; we do not say. In this case, however, they did not decline, but proceeded to lay out the private way asked for. They did this at the defendant's instance. He set the tribunal in motion. It had jurisdiction of the subject-matter if properly applied to. He continued the proceedings through the municipal officers and the town to the end. The defendant made no objections to any steps or omissions in the procedure. He might have withdrawn his petition and stopped the proceedings at any time before the town's action. *Goodwin* v. *Merrill*, 48 Maine, p. 285. He accepted and used the road thus laid out for him. All the imperfections and omissions he now complains of in the procedure, are his own,— made by himself. Can he lawfully derive any advantage from these, his own wrongs ?

The United States Supreme Court in *Daniels* v. *Tearney*, 102 U. S. 420, said : "The principle of estoppel thus applied has

its foundation in a wise and salutary policy. It is a means of repose. It promotes fair dealings. It can not be made an instrument of wrong or oppression, and it often gives triumph to right and justice, where nothing else known to our jurisprudence can by its operation secure those ends. Like the statute of limitations, it is a conservator, and without it society could not well go on." This seems to us a correct characterization of the principle of estoppel, and we think that principle applies to this case. We think the defendant should not now be heard to make objections arising from his own remissness. The plaintiff, by a recovery in this action, will be estopped from denying the validity of the proceedings in laying out the way, hence no injustice can be done the defendant by refusing to consider the effect of his own errors upon the judgment he obtained, and made use of.

There are cases in which it has been held that a party, seeking for and obtaining a seeming judgment, may impeach it collaterally if void, but in all such cases we think it will be found that the tribunal had no jurisdiction of the subject-matter, — was incompetent to render any judgment in the premises, upon the most regular procedure. On the other hand, it was held in *White* v. *Clapp*, 8 Met. 365, that the parties having applied for and obtained a judgment of partition from the Probate Court, cannot question its validity, that court having jurisdiction of the subject-matter. It has also been repeatedly held that those who have procured the enactment of an unconstitutional statute, or have obtained any advantage under it, shall not be heard to question its validity. *Daniels* v. *Tearney*, 102 U. S. 415, and cases there cited on page 421. In *Sherman* v. *McKeon*, 38 N. Y. 266, the plaintiff's land had been taken under statute proceedings for opening a street, and the plaintiff accepted the money awarded him therefor in the proceedings. He afterward brought an action for the land on the ground that the statute, under which the land had been taken, was unconstitutional, and hence all the proceedings under it were utterly void. The court refused to hear him on that question, holding him to be estopped by his acceptance of the fruit of the proceedings from saying they were void.

It is familiar law that a person obtaining an appointment as administrator, or guardian, or trustee, and acting under it, can not question the validity of his appointment in proceedings arising out of his acts under such appointment.  Corporations having committed torts, or having received the benefit of contracts, can not avoid liability by showing such acts, or contracts, to be entirely outside of and beyond their charter powers.

II.  The defendant again objects because the notice did not contain any description of the proposed way nor state whose land it was to cross.  In support of this objection, he relies upon R. S., c. 18, § 14.

The notice followed the description in the defendant's petition. It did not mislead the defendant.  He has not been injured by any vagueness of description.  He obtained the road he asked for, and has made use of it.  The statute requirement of a description of the way in the notice is for the benefit of those persons whose land may be taken for the road.  If the person whose land is taken, does not complain of insufficiency of notice, the person who takes the land should not be heard to complain.

We do not find, in the statute cited, anything requiring to be inserted in the notice the names of the owners of the land, that may be crossed by the proposed road.

III.  The defendant again objects on the ground that it is so uncertain to whom the damages were awarded, he can not safely pay them to the plaintiff, Fernald.  The report of the municipal officers states that the way was laid out across "the land of E. S. Fernald, or unknown," and that damages were awarded therefor to "E. S. Fernald or unknown."  The defendant says he is in doubt whether the damages belong to E. S. Fernald, or some other person unknown.  If the words "or unknown" in the report were not to be disregarded as surplusage, (*Lancaster* v. *Richmond, post,*) the case explicitly states that E. S. Fernald was the owner of the land, and hence that the compensation is due to him.

IV.  The defendant again objects that this suit is prematurely brought, as by the terms of the report the damages are to be paid "before the way is opened," that is, the defendant

argues, "not until the way is opened." We think a use of the way for three years is a sufficient opening of the way to render the awarded compensation payable.

V. Lastly the defendant objects that this plaintiff has assigned his claim.

If this objection needs any answer, it is sufficient to say that the suit is for the benefit of the assignees.

*Judgment for the plaintiff.*

PETERS, C. J., LIBBEY, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.