EMMA STUBER, by Her Next Friend, PRISCILLA STUBER, v. MARK GANNON, JOSEPH GANNON AND WILLIAM GANNON, Appellants.

**Practice:** CONTRIBUTORY NEGLIGENCE: *Construction of statutes.* In an action to recover for personal injuries, under Code, 1873, section 1485, which, among other things, provides that "the owner shall be liable to the party injured for all damages done by his dog, except when the party injured is doing an unlawful act," it is incumbent on plaintiff to show himself free from contributory negligence.

DEEMER, J., dissenting.

**Objection Below:** NEW TRIAL. Where a motion for a new trial, which attacks instructions given on contributory negligence, *as a whole*, is sustained because of their giving, appellant can not urge that the granting of the new trial should be affirmed because *some* of the instructions on that question were erroneous.

*Appeal from Dallas District Court.*—HON. J. H. HENDERSON, Judge.

FRIDAY, MAY 15, 1896.

ACTION at law, by Priscilla Stuber, next friend, to recover damages for injuries done to one Emma Stuber, by a dog, alleged to belong to defendants. There was a trial to a jury, which resulted in a verdict for defendants. Plaintiff filed a motion for a new trial, which was sustained by the court, and the defendants appeal.—*Reversed.*

*White & Clarke* for appellants.

*Shortley & Harpel* for appellee.

DEEMER, J.—The petition recites facts which, if true, would render the defendants liable at common law, for damages done by their dog, and of necessity,

contains statements which would make them liable under section 1485 of the Code of 1873, which, among other things, provides, that "the owner shall be liable to the party injured, for all damages done by his dog, except when the party is doing an unlawful act." Evidence was adduced on the trial upon the theory that the plaintiff must negative contributory negligence on the part of the party injured; and the court instructed the jury, in effect, that if Emma Stuber, by any want of reasonable and ordinary care on her part, in any manner contributed to the injury complained of, plaintiff could not recover. The jury, under these instructions, found for the defendants. Plaintiff's motion for a new trial was based, among other things, upon the ground that the instructions of the court were wrong, with reference to the contributory negligence of the party injured, for the reason that, so far as actual damages are concerned, the rule of contributory negligence does not apply. The court, in ruling upon the motion, made the following of record: "And the court, being fully advised in the premises, sustains said motion, sets aside the verdict of the jury, and grants a new trial, upon the grounds that the court erred in applying the doctrine of contributory negligence to this case; for errors in the instructions given to the jury on the question of contributory negligence, and in submitting that question to the jury. And it is expressly stated that the motion is not sustained on account of the ground that the verdict is not supported by the evidence." It will thus be seen that the only question presented by this appeal is, was the court in error in holding that the doctrine of contributory negligence did not apply to the case? In order to determine this inquiry, we must first ascertain whether plaintiff's contributory negligence, in any case of this kind, will bar him of recovery;

and, second, whether in this particular case the court was in error in instructing as to the contributory negligence. As to the first proposition, there seems to be no room for argument, unless we are prepared to overrule the recent case of *Gregory v. Woodworth*, 93 Iowa, 246 (61 N. W. Rep. 962). This case is squarely in point. We there held that a petition in an action under the statute before quoted, which did not allege that plaintiff was free from contributory negligence, was demurrable. The writer of this opinion has grave doubts concerning the correctness of the rule there announced, although it is conceded that there is a conflict in the authorities upon the proposition. The only theory on which it can be sustained is that the statute in question is remedial in its nature, and, in effect, does nothing more than dispense with proof of the scienter required in actions at common law; that the action is still predicated upon the negligence of the defendant; and that the ordinary rule denying recovery to one for injuries resulting from his own negligence, applies. To sustain the opinion, it must also be found that the purpose of the exception stated in the statute, to-wit, "except when the party is doing an unlawful act," was to limit the right of recovery, and not to extend it. This is the theory, on which the cases holding to the doctrine announced in the *Gregory Case* are decided. See *Quinby v. Woodbury*, 63 N. H. 370, and *Raymond v. Hodgson*, 161 Mass. 184 (36 N. E. Rep. 791). I am not fully persuaded of the correctness of these decisions. There are a class of actions in tort, not based on negligence, in which defendant's care, or the want of it, is not in issue; in which some direct and positive act of the defendant makes out the cause of action. In such cases plaintiff makes out a *prima facie* case by proving the defendant's act, and consequent injury. He has no occasion to prove defendant's negligence.

nor his own care, in the first instance. See *Ruter v. Foy*, 46 Iowa, 132; *Conn v. May*, 36 Iowa, 241. It seems to me that this is an action belonging to that class, and that plaintiff was not required to show freedom from contributory negligence. My views upon this question are quite fully presented by the supreme court of Maine, in the case of *Hussey v. King*, reported in 83 Me. 568 (22 Atl. Rep. 467), which is a well considered case on the subject. See, also, *Woolf v. Chalker*, 31 Conn. 121; *Muller v. McKesson*, 73 N. Y. 195; *Lynch v. McNally*, Id. 347. As I look at it, the statute in question not only relieves the plaintiff of the necessity of proving the scienter, but it makes the owner or keeper, *prima facie* liable for any injury done by his dog; that it leaves him where the common law left the keeper of wild animals,—in the position of an insurer. I need not discuss the question as to whether plaintiff's want of care may be shown by the defendant in defense, or whether the defendant may show such willful provocation of the animal by the plaintiff, as will bar his right of action, although I may say that I think such ought to be the rule, in view of our previous decisions with reference to a somewhat similar statute. See *West v. Railroad Co.*, 77 Iowa, 659 (35 N. W. Rep. 479), and (42 N. W. Rep. 512); *Ford v. Railroad Co.*, 91 Iowa, 179 (59 N. W. Rep. 5); *Engle v. Railroad Co.*, 77 Iowa, 661 (37 N. W. Rep. 6), and (42 N. W. Rep. 512); *McKelvy v. Railroad Co.*, 84 Iowa, 458 (51 N. W. Rep. 172); *Rose v. Railroad Co.*, 72 Iowa, 625 (34 N. W. Rep. 450); *Moody v. Railroad Co.*, 77 Iowa, 29 (41 N. W. Rep. 477); *Spence v. Railroad Co.*, 25 Iowa, 139; *Krebs v. Railroad Co.*, 64 Iowa, 670 (21 N. W. Rep. 131); *Reeves v. Railroad Co.*, 92 Iowa, 32 (60 N. W. Rep. 243); *Manwell v. Railroad Co.*, 80 Iowa, 664 (45 N. W. Rep. 568). If plaintiff was guilty of negligence contributing to the injury, or if she, by her own willful misconduct, brought about the attack of the dog, then

it may be that the damage was not done by the dog. Indeed, I am inclined to think this is the proper rule. But, under the statute quoted, it would be defensive matter, for the defendant to prove. The majority, however, are content with the rule announced in the *Gregory Case,* and it follows that in actions such as the one at bar, the burden is upon the plaintiff to show himself free from contributory negligence.

As to the second question presented by the record: We are united in the conclusion that, if it be conceded that plaintiff must show her freedom from contributory negligence, there was sufficient evidence bearing on the question, to take the case to the jury. There was testimony tending to show that the plaintiff, Emma Stuber, and her sister, who was in the buggy with her at the time of the accident, were running the horses along the highway at the time the dog came out, in an attempt to get ahead of another who was going in the same direction. But, however this may be, it appears from the record made by the court, that the motion was not sustained because of insufficiency of the evidence on any of the material issues.

It is also insisted on behalf of appellee that some of the instructions given by the court on the law of contributory negligence, were erroneous, and that for this reason the court properly sustained the motion for a new trial. The record, however, does not show that this matter was presented to the lower court. The motion for a new trial does not make a specific attack upon any instruction given upon the subject. The complaint is that all the instructions given with reference thereto, were wrong, and the order made by the court clearly shows that this was the reason why it sustained the motion.

It is also said, in support of the court's ruling that contributory negligence is no defense to willful wrongs, that there is evidence in this case from which the jury

might have found the acts of the defendants to be willful wrongs, and that the court properly sustained the motion because he did not cover this rule of law in his instructions. It is sufficient to say in answer to this contention that the court did cover the matter fully in the ninth instruction given to the jury.

The writer is of the opinion that the case should be affirmed, but the majority are of a contrary view, and it is REVERSED.