P. E. ENIX v. IOWA CENTRAL RAILROAD COMPANY, Appellant.

1   **Railroads:** KILLING STOCK: *Wilful act of owner.* Code, section 2055, makes a railroad company liable for stock killed by its failure to fence its road, unless the loss was caused by the wilful act of the owner. There was evidence that a gate had been broken down by plaintiff's horse two days before the stock in question passed through the gate on the right of way. *Held,* that such evidence did not show a wilful act on the part of the owner, and it was not error to refuse to submit special interrogatories and give instructions asked on such theory.

2   **Objection Below:**  QUESTIONING CAUSE OF ACTION: *Exceptions to instructions.* Acts Twenty-fifth General Assembly, chapter 96 (the last sentence of Code, section 3564), providing that no pleading shall be held sufficient for a failure to demur thereto, will not permit a defendant to allow a case to be tried on the theory that the petition is sufficient, and then, on exceptions to instructions on the issues, raise the question whether a cause of action is stated.

*Appeal from Monroe District Court.*—HON. M. A. ROBERTS, Judge.

TUESDAY, OCTOBER 8, 1901.

ACTION to recover double damages for stock killed by defendant's train after said stock had gone upon the right of way through a defective gate at a private crossing. Judgment for plaintiff, from which defendant appeals.—*Affirmed.*

*T. B. Perry* for appellant.

*Fred D. Mason* and *Ben McCoy* for appellee.

McCLAIN, J.—There was some evidence that the gate had been broken down by plaintiff's horse within two days before the stock in question passed through the gate upon the right of way, and it is contended for defendant that the court erred in refusing to submit special interrogatories and give instructions asked on the theory that, if the stock got upon the right of way by reason of the willful act of the owner, there can be no recovery under Code, section 2055. The difficulty is that there is no evidence in the record tending to show a willful act. It must be borne in mind that contributory negligence alone will not defeat recovery under this section. *Krebs v. Railway Co.,* 64 Iowa, 670; *Moody v. Railway Co.,* 77 Iowa, 29. Now, the most that the evidence relied on by the defendant showed was that plaintiff's horse broke the gate, and that plaintiff supposed that the stock in question (certain young calves) would not go through the gate upon the right of way before he had notified the section boss of the damage to the gate, and the latter had had time to fix it. This evidence, if true, might tend to show carelessness and lack of judgment on the part of plaintiff, but it certainly would not warrant the finding of a willful act. Of course, this evidence would bear on the question of whether injury to the stock was due to the fault of defendant, but that question was properly submitted. It may also be suggested that the interrogatories proposed by the defendant and the instructions asked by it did not relate to any such wilful act of the plaintiff as would constitute a

defense under the section above referred to, and, even if there was evidence tending to show such a defense, those interrogatories and instructions were properly refused.

2    Appellant also complains that plaintiff's petition contained no averment of negligence on the part of appellant, to which plaintiff responds that the notice required by statute in such cases contained such averment, and was attached to the petition as an exhibit, and by reference made a part thereof; that no objection to the petition on this ground was made, and that the case was tried on the theory that the defendant's negligence in maintaining a proper gate was in issue. We doubt whether mere incorporation of the notice into the petition by reference, without an affirmative averment of the truth of the facts stated in the notice, was sufficient to constitute any allegation of such facts. But certainly defendant cannot now be heard to claim that the petition was defective in this respect. The case was tried on this issue, and while it may be that under the provisions of Acts Twenty-fifth General Assembly, chapter 96, incorporated into Code, section 3564, as the last sentence thereof, mere failure to demur to a defective petition does not prevent the defendant from raising an objection in some other way, certainly he cannot allow the case to be tried on the theory that the petition is sufficient, and then, on exceptions to the giving of instructions on the issue, raise the question as to whether a cause of action is stated. Had the defendant raised the objection by a motion in arrest of judgment, plaintiff would have had an opportunity to cure the defect by amendment under Code, section 3760.—AFFIRMED.