HOWARD L. CONNABLE, Appellee, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

**Railroads:  FIRES:  CONTRIBUTORY NEGLIGENCE OF PROPERTY OWNER.** In an action to enforce the statutory liability of railway companies for fire set out by their locomotives, the ordinary rules of contributory negligence have no application. But assuming that a property owner's want of care for the protection of his property from a fire thus started may be so great as to constitute an independent intervening cause, the fact that he did not guard the same throughout the night and completely extinguish the fire, was not such negligence as to constitute the proximate cause of the injury.

*Appeal from Lee District Court.*—HON. W. S. HAMILTON, Judge.

TUESDAY, FEBRUARY 10, 1914.

ACTION at law to recover damages alleged to have been occasioned to plaintiff's property by fire set out by a locomotive on the defendant's railway. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Hughes & McCoid,* and *Palmer Trimble,* for appellant.

*A. L. Parsons,* for appellee.

WEAVER, J.—The petition alleges that on March 24, 1910, a locomotive engine being operated over defendant's railway emitted sparks, setting fire to the grass and weeds on the right of way, which fire spreading from the point of ignition extended upon and over plaintiff's land and destroyed his barn upon said premises to his damage in the sum of $412.13. He also alleges that the same fire injured his pasture and meadow to the extent of $25. Further stating his claim, he says the fire was set out by said locomotive on March 24, 1910, and, not being extinguished, continued to burn until the following day when the barn was destroyed. The defendant denies generally the allegations of the petition, and alleges that the plaintiff's loss was caused by his own negligence in failing to extinguish the fire when with reasonable effort he might have done so. Upon these issues there was a trial to a jury, and verdict and judgment for plaintiff, from which the appeal has been taken.

In argument appellant concedes that plaintiff made a prima facie case upon his claim that the fire was set out by a passing locomotive, and that to this extent the case was properly submitted to a jury. The matters for our consideration are further narrowed in the brief for appellant to the single proposition that the appellee, having discovered the fire spreading upon or in the direction of his premises, did not make reasonable effort to extinguish it or to protect his property against injury therefrom. The case seems to have been tried by the appellant upon the theory that appellee was required to negative contributory negligence on his part in order to recover damages, and with that view of the law counsel emphasized the alleged fact that, while appellee, on discovering the fire in the grass and weeds and trees, spent several hours in the effort to check it, he left the field without fully extin-

guishing it, that he did not make use of a ladder to reach the fire in the trees, did not carry water from his house cistern into the field, did not return to the field after midnight when he saw the fire still burning, and left home the next morning without further investigation, the fire breaking out anew and burning the barn in his absence. In this court, being confronted with our previous holdings that in actions to enforce the statutory liability of railroad companies for damages occasioned by fire from their locomotives the ordinary rules as to contributory negligence have no application, (*West v. R. R. Co.*, 77 Iowa, 656; *Engle v. R. R. Co.*, 77 Iowa, 664; *Furley v. R. R. Co.*, 90 Iowa, 163), it is argued that, waiving the question of contributory negligence, the property owner's want of care for the protection of his own property may be so gross or palpable as to be regarded an independent intervening cause of the injury—the immediate or proximate cause—and in such case the railroad company is released from liability. Assuming, without affirming, the correctness of this proposition, we have to say that the record in this case does not disclose a state of facts calling for an application of the rule. It is possible that if appellee had seen fit to stand guard on the fire line all night he could have extinguished the last spark of the smouldering embers and prevented the loss of his property, but no rule of law or reason required him to do so, and no verdict charging him with primary responsibility for the injuries of which he complains could be permitted to stand. The instructions requested by the appellant upon this feature of the case did not state the law applicable thereto, and were properly refused.

The case seems to have been fairly tried, the law was sufficiently and properly embodied in the charge given to the jury, and we find no occasion for interfering with the judgment of the district court, which is therefore—*Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concur.