

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Claude Isbell
Secretary of State
Austin, Texas

Attention: Mr. J. L. McGarity

Dear Sir:

Opinion No. 0-6774
Re: Filing of trademark,
"SAVEWAY FOOD STORE" when
trademark, "SAFEWAY--YOUR
FRIENDLY GROCER", has been
previously filed in the
Office of the Secretary of
State.

We are in receipt of your letter of recent date re-
questing the opinion of this department on the above stated
matter. We quote from your letter as follows:

"On June 10, 1944, this office was presented
for registration and did register a trademark,
the same being "SAVEWAY--YOUR FRIENDLY GROCER",
under the provisions of Article 851 et seq. of
the Texas Revised Civil Statutes, 1925, en behalf
of Safeway Stores, Incorporated, Oakland, Calif-
ornia. When this said trademark was registered
in this office we assigned it file number 61-11,107
and issued the statutory certificate to the effect
that the same had been so registered. We enclose
herewith a photostatic copy of the application
for such registration together with our certificate
in that connection.

"We are now presented with an application to
register the trademark "SAVEWAY FOOD STORE" on be-
half of Saveway Food Store, a Partnership doing
business in Lubbock, Texas, together with the
statutory fee in the sum of one dollar. We enclose
herewith a photostatic copy of this said applica-
tion.

"This office has refused to file this junior ap-
plication without the written consent of the senior
registrant due to the firm conviction that the two
marks are too similar to preclude being confusing
to the public. The attorneys for the applicant,
however, contend that the names are not so suf-
ficiently similar as to be confusing to the
public.

"Will you, therefore, please favor us with your
opinion as to whether or not we should approve and
file the latter application while we still have as
an active registrant the former."

Article 851, Vernon's Annotated Civil Statutes, provides:

"Every person, association or union of workingmen,
incorporated or unincorporated, that has heretofore
or shall hereafter adopt a label, trademark, design,
device, imprint or form of advertisement, shall file
the same in the office of the Secretary of State by
leaving two fac simile copies, with the Secretary
of State, and said Secretary shall return to such
person, association or union so filing the same, one
of said fac simile copies along with and attached to
a duly attested certificate of the filing of same,
for which he shall receive a fee of one dollar. Such
certificate of filing shall in all suits and prosecu-
tions under this chapter be sufficient proof of the
adoption of such label, trade mark, design, device,
imprint or form of advertisement, and of the right
of such person, association or union to adopt the
same. No label, trade mark, design, device, imprint
or form of advertisement shall be filed as afore-
said that would probably be mistaken for a label,
trade mark, design, device, imprint or form of ad-
vertisement already of record. No person, or associa-
tion shall be permitted to register as a label, trade
mark, design, device, imprint or form of advertise-
ment any emblem, design or resemblance thereto that
has been adopted or used by any charitable, benevo-
lent or religious society or association, without
their consent." (underscoring ours)

Hon. Claude Isbell, page 3

Under the language of the underlined portion of the above-quoted statute, the determination of the matter as to whether the Secretary of State should accept the filing of the trademark inquired about depends upon whether said trademark "would probably be mistaken" for a trademark already of record. In connection with this matter, we refer you to the case of Marshall Mfg. Co. v. Verhalen, (Civ. App.) 163 S. W. (2d) 665 (error refused). In this case, it was held that whether a registered trademark was infringed upon by a competitor's alleged use of a similar design was a question of fact. It was also held that whether the resemblance of the two designs was so great that the public would, or would be likely to, mistake one for the other was a question of fact. We quote from the court's opinion in the above-cited case, as follows:

"The trade-mark of appellant's baskets is one continuous red stave extending down one side of the baskets, under the bottom and up the directly opposite side; and the baskets manufactured by the defendants, which are claimed to be infringement upon and in unfair competition to plaintiff's specially designed baskets, bear two such continuous staves of the same type and distinctive red color, placed at right angles to each other, so that, in most positions, only one of the staves is visible to the casual observer. The red color in the staves is not functional in either of the baskets; they are merely ornamental and designed to designate the origin and source of the goods. Baskets manufactured by both the plaintiff and the defendants were presented in trial of the cause, and are here exhibited, which are clearly indicative of competitive rivalry by the manufacturers of the alleged similarly designed baskets, presenting, we think, issues as to whether they are calculated to create confusion and infringement and unfair competition among the manufacturing concerns; the decision of which rests solely with the fact-finding agency.

"    . . . .

"    . . . . So, in this case, it was the province of the jury to find upon every material issue raised by the evidence, and we think it is clear that the distinctive markings of plaintiff's baskets and that employed by the defendants raised the issues that the one continuous red stave so placed in the field of the natural color wood of the baskets by plaintiff,

Hon. Claude Isbell, page 4

was a technical trademark; and, further, if not,
it had a secondary meaning, designating appellant's
baskets through long and continuous use and ad-
vertisement; and that the defendants' baskets,
with two continuous red staves crossing each other
at right angles under the bottom of the baskets,
were so similar as that any person would observe
and mistake the one for the other and deal for one
when he intended to deal for the other. Such find-
ings would be upon controlling fact issues. Dallas
Plumbing Co. v. Dallas County Plumbing Co., Tex.
Civ. App., 253 S. W. 308; Dixiepig Corp. v. Pig
Stand Co., Tex. Civ. App., 31 S. W. 2d 325; Plaza Co.
v. White et al., Tex. Civ App., 160 S. W. 2d 312;
writ of error refused.

"In the last cited case, the Plaza Hotel sought
to enjoin The White-Plaza Hotel from using the name
'White-Plaza,' designating its trade-name as an
infringement on plaintiff's trade-name--'The Plaza
Hotel.' In the course of the opinion, the San
Antonio Court of Civil Appeals held, quoting from
Atlas Assurance Co. v. Atlas Insurance Co., 138 Iowa
228, 112 N. W. 232, 233, 114 N. W. 609, 15 L.R.A.,
N. S., 625, 128 Am. St. Rep. 189, that '* * * what
degree of resemblance between the names or devices
is sufficient to warrant the interference of a court
in cases of this kind is not capable of exact defini-
tion. It is, and must be, from the very nature of
the case, mainly a question of fact to be determined
by the circumstances appearing in each particular
case.' So, in the case here, the court below was
not warranted to take the case from the jury and
enter judgment in the absence of findings deter-
minative of the ultimate issues of fact raised by
the pleadings and the evidence, hence the judgment
is reversed and the case remanded."

In view of the foregoing and in view of the language of
Article 851, it is our opinion that the matter as to whether
the trademark in question should be filed, involves a question
of fact, and it is not the policy of this department to deter-
mine any question of fact. If the Secretary of State should
find that the trademark, "SAVEWAY FOOD STORE," would probably
be mistaken for the trademark, "SAFEWAY, YOUR FRIENDLY GROCER,"

Hon. Claude Isbell, page 5

it is our opinion that he would be legally justified in refusing the application for registration of same.

We trust that the foregoing satisfactorily answers your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By J. A. Ellis
Assistant

JAE:LJ

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN